■ EMILY J. WEAVER, Appellant, v DONALD A. WEAVER, Respondent. [596 NYS2d 190] —Levine, J. Appeal from an amended judgment of the Supreme Court (Cheeseman, J.) ordering, *inter alia*, equitable distribution of the parties' marital property, entered December 23, 1991 in Albany County, upon a decision of the court.

Plaintiff and defendant were married in 1966 and separated 23 years later. There are four children of the marriage, two of whom had attained majority by the date of the amended judgment herein. Plaintiff was 43 and defendant was 46 years old at the time of trial. After graduation from high school, plaintiff was trained as a beautician. However, she ceased working after the birth of the parties' first child in 1969 and only resumed part-time employment in 1978. When she commenced this divorce action, she was employed full-time as the manager of a candy store in a shopping mall in the Town of Colonie, Albany County, at an annual salary of $11,800 and a take-home pay of approximately $900 a month. All of the children were living with her at the marital residence and the two older children were working part time. Defendant is a high school graduate with one year of college credits. He is employed at Siena College in Albany County as the director of the college administration's computer center, but also has supplemental employment as the ticket manager for the home games of the college's varsity basketball team. His gross income, as found by Supreme Court, was some $44,000.

At the commencement of the trial, the parties entered into a stipulation for the distribution of their marital property, consisting essentially of the marital residence, its contents and defendant's pension. Defendant transferred all his interest in the home and its contents to plaintiff. Defendant's pension rights were allocated between the parties according to the *"Majauskas"* formula *(see, Majauskas v Majauskas,* 61 NY2d 481), using the dates of the commencement of defendant's employment at Siena in 1967 and of plaintiff's commencement of this action in 1990.

At the conclusion of trial, Supreme Court rendered a decision in which it confirmed the parties' stipulation as to equitable distribution, awarded child support in accordance with the guidelines of the Child Support Standards Act (Do-

mestic Relations Law § 240 [1-b]), denied plaintiff maintenance and directed defendant to pay marital debts of $22,600. This appeal by plaintiff followed.

Plaintiff is entirely correct in her contention that the decision by Supreme Court is inadequate to support the amended judgment herein. Supreme Court's decision on maintenance fails to address the statutory factors it considered on that issue and the reason for its determination (see, Domestic Relations Law § 236 [B] [6] [b]; *Parks v Parks*, 159 AD2d 841, 842). Nevertheless, the evidence in the record is amply sufficient to afford this Court the capability of an adequate review and to make appropriate findings, rather than remitting the matter (see, *Wilson v Wilson*, 101 AD2d 536, 538, *appeal dismissed* 63 NY2d 768; *Damiano v Damiano*, 94 AD2d 132, 134). Doing so here is particularly appropriate in view of the subsequent death of the Supreme Court Justice who heard this matter.

Upon review of the record, we conclude that plaintiff should have been awarded maintenance. This was a marriage of comparatively lengthy duration. Because of her responsibilities as the mother of four children and housekeeper, plaintiff did not fully reenter the job market until 1987, when she was almost 40 years of age. It is readily inferable that this lengthy hiatus has impaired her future ability to earn significantly more than her present salary to the point of becoming fully self-sufficient. Thus, the substantial discrepancy between the earnings of plaintiff and defendant is likely to continue indefinitely.

Plaintiff's reasonable personal and household expenses are approximately $1,900 a month, based largely upon figures supplied by defendant. Her monthly income from personal earnings ($900), child support ($565) and a reasonable contribution from her emancipated children living at home would remain insufficient to meet all expenses. Supreme Court found that defendant's gross monthly income was some $3,600. This amount is subject to payroll deductions of approximately $1,040, principally for taxes, Social Security and payments on a credit union loan of some $8,000. Defendant is financially capable of contributing some amount toward meeting plaintiff's deficit while paying his own reasonable living expenses (as estimated by him) and an additional amount for regular payments to discharge the balance of the marital debts of

approximately $10,600.* Contrary to defendant's contention on appeal, the denial of a maintenance award to plaintiff is not justified either because of defendant's conveyance of his interest in the marital residence to plaintiff or the imposition on defendant of the responsibility to pay all of the outstanding marital debts. A foreclosure action upon the residence by the mortgagee bank was pending at the time of trial, and the aggregate of mortgage debts, interest and costs claimed in that action are likely to be at least as great as the parties' estimates of the current market value of the residence. As previously discussed, we find that defendant is financially capable of paying the marital debts and a reasonable sum for maintenance. Moreover, the evidence supports the inference that the parties' debts may have been substantially less had defendant not dissipated income through inveterate gambling on horseraces and other sporting events.

Based upon all the foregoing factors, plaintiff should be awarded maintenance of $200 a month until the date of defendant's death, retirement at or after age 62, or plaintiff's death or remarriage, whichever event occurs first (see, Largiader v Largiader, 151 AD2d 724, 726-727). The amended judgment should be modified accordingly.

Weiss, P. J., Yesawich Jr., Crew III and Mahoney, JJ., concur. Ordered that the amended judgment is modified, on the law and the facts, with costs to plaintiff, by reversing so much thereof as denied plaintiff an award of maintenance; plaintiff is awarded maintenance of $200 a month until the date of defendant's death, retirement at or after age 62, or plaintiff's death or remarriage, whichever event occurs first; and, as so modified, affirmed.

---

* As previously noted, payments on defendant's credit union loan of $8,051 are deducted from his salary. Additionally, according to defendant's testimony, the amount owed to the Internal Revenue Service is approximately $3,400, not the $7,350 found by Supreme Court.