■ JULIE CARDIA, Respondent, v VICTOR CARDIA, Appellant. [610 NYS2d 620] —Peters, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Delaney, J.), ordering equitable distribution of the parties' marital property, entered July 18, 1991 in Westchester County, upon a decision of the court.

Following a 10-day trial of this matrimonial action, Supreme Court dissolved the marriage, awarded plaintiff custody of the parties' only child, awarded plaintiff maintenance in the amount of $100 per week and child support in the amount of $150 per week, and distributed a portion of the marital assets. From the judgment entered, defendant appeals.

Among the marital assets was a two-family house in the Town of Scarsdale, Westchester County, in which the parties previously resided and which, at the time of trial, was used as rental property. Defendant contends that Supreme Court should have ordered the property sold and the proceeds equitably distributed. We find this claim meritless. The property was in foreclosure with an arrears of over $68,000. Supreme Court ordered that if the foreclosure provided any net profit it would be divided equally after adjustments for arrearages or unpaid counsel fees. In the circumstances herein presented, we find the determination of Supreme Court to be entirely proper. Yet, we believe that Supreme Court should have made adequate provision for the use of rental income should such be received prior to the foreclosure sale. Accordingly, we find that any rental income produced by such property be applied, in its entirety, to reduce the parties' arrearages and postforeclosure liability.

With respect to the distribution of the marital property, we believe that Supreme Court properly set forth the factors it relied upon in making its distribution and that such award has a substantial basis in the record (see, Domestic Relations Law § 236 [B] [5]; *Majauskas v Majauskas*, 61 NY2d 481). We similarly find no merit to defendant's contention that it was error to require his share of the proceeds from the sale of marital property located in the Town of Lewisboro, Westchester County, to be held in escrow until all arrearages are paid (see, *Sementilli v Sementilli*, 102 AD2d 78). Finally, we do not find that Supreme Court's refusal to order plaintiff to purchase health and dental insurance for defendant and the parties' child to be an abuse of discretion (see, Domestic Relations Law § 236 [B] [8]; see also, *Murphy v Murphy*, 110 AD2d 688).

In reviewing Supreme Court's award of maintenance and child support, it is significant that defendant, a college graduate who had been in the field of advertising for eight years prior to the commencement of the divorce action, relinquished his career to open a retail children's clothing store. Supreme Court imputed to defendant an annual income of $60,000, based upon his income in 1988 while employed in the field of advertising coupled with documentary evidence to the effect that thereafter he spent thousands of dollars more than he contended he earned. Supreme Court based its maintenance and child support awards on that amount. Based on this finding and the court's finding that defendant "embarked on a course of conduct willfully designed to avoid his responsibilities", and considering all other relevant factors (see, Domestic Relations Law § 236 [B] [6]) including plaintiff's future earning capacity and her share of marital property, we conclude that Supreme Court correctly awarded plaintiff maintenance and that the sum awarded for child support was appropriate.

Addressing next the award of exclusive custody of the parties' son to plaintiff, we find Supreme Court's award of custody to be proper. In considering the "totality of the circumstances" (*Eschbach v Eschbach*, 56 NY2d 167, 174), we find that there is a substantial basis in the record to support a finding that custody to plaintiff would be in the child's best interest (see, supra). The record demonstrates that plaintiff is able to provide a better home environment and there was no indication that a change in custody would result in significantly enhancing the child's welfare (see, *Matter of Gitchell v Gitchell*, 165 AD2d 890, 895).

With respect to Supreme Court's determination of defen-

dant's visitation, however, we do not agree. To be meaningful, visitation must be frequent and regular *(Daghir v Daghir,* 82 AD2d 191, 194, *affd* 56 NY2d 938). Defendant should be awarded midweek visitation on a weekly basis from the end of school until one hour before the child's bedtime. In addition, school vacations, other than summer break, should be equally split or alternated between the parents. Accordingly, the matter should be remitted to Supreme Court for a more effective visitation schedule in accordance herewith.

As to counsel fees, this Court notes that "[a] determination regarding legal fees should not be disturbed unless it has clearly been shown to constitute an abuse of discretion" *(Graham v Graham,* 175 AD2d 540, 543). The record before us fully supports Supreme Court's denial of defendant's request. Finally, we note that Supreme Court properly denied defendant's request for a 50-mile restriction to prevent her relocation, there being no evidence that plaintiff contemplated such a move.

Cardona, P. J., Mikoll and Weiss, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by directing that all rental income received be applied toward outstanding arrearages and postforeclosure liability and by increasing defendant's visitation in accordance herewith; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.