■ JUDITH DeSANTIS, Respondent, v ANTHONY J. DeSANTIS, Appellant. [613 NYS2d 737] —Mikoll, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Spindel, J.H.O.) ordering, inter alia, equitable distribution of the parties' marital property, entered November 13, 1991 in Orange County, upon a decision of the court.

Plaintiff and defendant were married on May 18, 1963. There are three issue of the marriage, all of whom are emancipated. One son, Anthony, who suffers from manic

depression, continues to reside in the marital residence with plaintiff. Defendant works and makes approximately $43,000 a year from Highland Telephone Company. Supreme Court found that he earns an additional $10,000 a year in a second job. Plaintiff has been unemployed since 1984 as a result of an automobile accident.

Supreme Court granted mutual divorces to the parties and ordered equitable distribution as follows: all property, real and personal, including furniture, cash accounts in joint and individual names and automobiles, were found to be marital property to be shared equally by plaintiff and defendant. The parties' property includes: (1) a savings account with Highland Telephone Company of approximately $42,000, (2) defendant's life insurance policy in the sum of $36,000 naming plaintiff as beneficiary, and (3) defendant's pension from Highland Telephone Company to be distributed under the *Majauskas* formula.

Supreme Court also determined that plaintiff is to be liable for her own insurance coverage which defendant is to assist her in securing under COBRA, that plaintiff is to have exclusive occupancy of the marital home for a period of five years or until she remarries, whichever occurs first, and directed defendant to pay all carrying charges on the marital residence, including the mortgage, realty taxes, insurance, repairs, utility, heating and cable bills during plaintiff's occupancy. Upon expiration of plaintiff's occupancy in the marital residence, the home is to be sold with an equal split to the parties. Additionally, Supreme Court directed defendant to pay plaintiff maintenance in the amount of $125 per week for five years or until plaintiff remarries, minus $25 per week as an offset for Anthony's continued residency in the marital home, as well as $1,000 in counsel fees. This appeal ensued.

Defendant urges that the judgment is deficient in several respects. Defendant argues that Supreme Court failed to make findings of fact pursuant to CPLR 4213 (b) and failed to set forth the factors it considered and the reasons for its determination with regard to its award of equitable distribution and maintenance pursuant to Domestic Relations Law § 236 (B) (5) (g) and (6) (b). Defendant's objections are valid. Such findings are mandatory and cannot be waived *(see,* Domestic Relations Law § 236 [B] [5] [g]; [6] [b]).

Although this Court has the authority to make the necessary findings, we decline to make such findings in the absence of the necessary information in the record and Supreme Court's articulation of the reasoning it employed *(see, O'Brien*

*v O'Brien,* 66 NY2d 576, 589). The matter must be remitted to Supreme Court for the purpose of making more detailed factual findings and for the court to set forth reasons for its equitable distribution and how this affects the award of maintenance.

While we do not argue with the equal distribution of the parties' assets in view of their long-term marriage and defendant's concession that plaintiff is entitled to one half of the marital residence, the Highland savings account and the present value of his pension, there is insufficient evidence in the record concerning the value of various items of the parties' property. For instance, as to defendant's pension, no present value of the pension attributable to the marriage before commencement of the divorce action has been established, nor has a timetable or manner of any distribution to plaintiff been set out, nor have any provisions been made for the payment of taxes on the distribution *(see, Majauskas v Majauskas,* 61 NY2d 481). The record is also barren of instructions on how defendant's life insurance policy can be equally divided between the parties.

As to the maintenance award, Supreme Court also failed to enunciate its reasoning pursuant to Domestic Relations Law § 236 (B) (6) (b) as required. Specifically, no consideration was given to plaintiff's ability to work or how defendant's payment of carrying charges on the marital residence affected the maintenance award. On remittal, if defendant is required to pay the carrying charges, plaintiff's maintenance would have to be changed accordingly *(see, De Lora v De Lora,* 88 AD2d 944, 945). Also, since the record is unclear as to the present value of defendant's pension, it is impossible to determine the extent to which it affected plaintiff's maintenance award. This item must also be addressed by Supreme Court.

Defendant's contention that the judgment does not conform to Supreme Court's decision is well taken as to the carrying charges on the marital residence. As to the variance between the judgment and decision relating to the life insurance policy and the Highland savings account, however, such divergence is insignificant in view of the fact that an equal distribution of all savings accounts and personal property was ordered in the decision, which would necessarily include these two assets. Thus, the clarification in the judgment does not conflict with the decision inasmuch as the parties' rights are the same under either document. Recognizing that when there is a divergence between the judgment and the decision, the decision prevails *(see, Spinello v Spinello,* 129 AD2d 694, 695), in

view of the fact that we are returning the matter to Supreme Court for clarification, the issue regarding carrying charges is now academic.

Finally, defendant's objection to the award of counsel fees is meritorious. Plaintiff did not seek such relief. The record bears no evidence of the value of plaintiff's counsel fees, and no reasoning is set forth as justification for such award. An award under such circumstances is an improvident exercise of discretion (see, Lazich v Lazich, 189 AD2d 750, appeal dismissed 81 NY2d 1007).

Cardona, P. J., Mercure, Casey and Weiss, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as awarded equitable distribution, maintenance and counsel fees; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.