■ THOMAS A. GRENIER, Respondent, v DOROTHY M. GRENIER, Appellant. [620 NYS2d 139] —Peters, J. Appeal from a judgment of the Supreme Court (Hughes, J.) ordering, *inter alia,* equitable distribution of the parties' marital property, entered April 29, 1993 in Albany County, upon a decision of the court.

In 1993, upon granting plaintiff a divorce, Supreme Court distributed the parties' marital property pursuant to the statutory factors detailed in Domestic Relations Law § 236 (B). It awarded, *inter alia,* a distributive award of $2,000 to defendant as well as permanent maintenance in the amount of $150 weekly until plaintiff reached age 70, reduced to $75 thereafter. The primary issues raised herein concern the valuation of plaintiff's pension and the maintenance award.

During this 35-year marriage, plaintiff worked as a firefighter for the City of Albany. Permanently disabled on the job in 1989, he receives disability benefits in the amount of $407 per week which will cease when he reaches the age of 70, and disability retirement benefits in the amount of $1,372 per month. Despite his inability to work, plaintiff is in good health.

Defendant has an eighth grade education and has earned a general equivalency diploma (GED) during the marriage. She was primarily a homemaker, sporadically earning income by caring for children in her home and doing some general household chores for others. At the time of trial, defendant was earning approximately $160 weekly cleaning houses. Since the commencement of the divorce in 1985, she has received $125 per week in temporary maintenance. Defendant testified to many physical and emotional ailments and has been treated by numerous doctors.

Addressing first defendant's contention that Supreme Court prevented her from introducing evidence on the value of

plaintiff's pension plan, we find no merit to defendant's contention that by sustaining plaintiff's objection to a question regarding possible retirement options, Supreme Court precluded defendant from further questioning plaintiff regarding his pension. The burden of proving a pension's value is on the party seeking an equitable share of the pension *(Michalek v Michalek,* 114 AD2d 655, 657, *lv denied* 69 NY2d 602). Such value is typically established by actuarial evidence *(see, supra).* Our review of the record reveals that defendant failed to sustain her burden.

With respect to the maintenance award, we find that while Supreme Court gave consideration to each of the statutory factors *(see,* Domestic Relations Law § 236 [B] [5]) and rendered a determination based upon its exercise of discretion *(see, Petrie v Petrie,* 124 AD2d 449, 451, *lv dismissed* 69 NY2d 1038), with such determination not to be disturbed absent an abuse of discretion *(see, supra),* we find such award inadequate. Testimony revealed that plaintiff has a financially secure future, drives a relatively new car and has reduced living expenses based upon his sharing of expenses with his paramour. Defendant, on the other hand, drives an old car with high mileage and has income limited to that generated by cleaning houses while she is still physically able. Defendant does not qualify for Social Security benefits and will never be self-supporting. Considering her age, the duration of this long-term marriage, the relative income and earning capacity of the parties and their respective future prospects, we find that a more substantial award is justified *(see, Weaver v Weaver,* 192 AD2d 777, 778; *Verrilli v Verrilli,* 172 AD2d 990, 993, *lv denied* 78 NY2d 863).

Rather than remitting the matter for an appropriate award, we find that the evidence in the record is sufficient to make appropriate findings *(see, Weaver v Weaver, supra).* Here, defendant reasonably represented her monthly living expenses in the amount of $2,200. When offset by her income as a housecleaner and the maintenance award set by the court at $150 per week, defendant will have a deficit in the amount of $867 per month. Plaintiff, however, represented his monthly living expenses in the amount of $1,660 with income from his disability and retirement benefits in the amount of $3,122. This leaves a monthly excess of $1,462 to plaintiff. Hence, we find that plaintiff is financially able to contribute more toward reducing defendant's deficit while paying his own reasonable living expenses *(see, supra).* Accordingly, we modify such

award to $215 per week until plaintiff reaches age 70 and $125 per week thereafter.

As to the Supreme Court's failure to require plaintiff to purchase a $100,000 life insurance policy naming defendant as the irrevocable beneficiary, we note that while Domestic Relations Law § 236 (B) (8) (a) empowers the court to order a party to purchase such a policy for the benefit of another, the statute does not mandate that such provision be made *(see, Wilbur v Wilbur,* 130 AD2d 853). Supreme Court's failure to require plaintiff to purchase such a policy was not an abuse of discretion.

Cardona, P. J., Mercure and White, JJ., concur. Ordered that the judgment is modified, on the facts, without costs, by reversing so much thereof as determined the amount of defendant's maintenance; defendant is awarded maintenance in the amount of $215 per week until plaintiff reaches age 70 and $125 per week thereafter; and, as so modified, affirmed.