■ JINNIE L. DEAN, Respondent, v GERALD DEAN, Appellant. [624 NYS2d 666] —Mercure, J. Appeal from a judgment of the Supreme Court (Relihan, Jr., J.), ordering, *inter alia,* equitable distribution of the parties' marital property, entered October 21, 1993 in Tompkins County, upon a decision of the court.

In this action for a divorce, a trial was conducted of the contested issues of equitable distribution, child support to be paid to defendant and maintenance and counsel fees to be paid to plaintiff. The essential facts, as found by Supreme Court and supported by the record, follow. The parties were married for approximately 20 years. Defendant, employed primarily as an operating engineer, had estimated total annual earnings of $48,000. Plaintiff worked two jobs, for which

she earned approximately $17,500 and received a free room. The parties have two daughters, Kimberly, a full-time college student, and Danielle, a high school senior who resides with defendant. Supreme Court rendered a decision and judgment of divorce, *inter alia,* (1) identifying and valuing the parties' marital property and the debt attributable thereto and equally distributing the same, (2) awarding plaintiff maintenance of $400 per month for four years, (3) awarding plaintiff counsel fees of $1,000, and (4) relieving plaintiff of any child support obligation for the period commencing June 28, 1993. Defendant now appeals.

Although Supreme Court's written decision and the judgment of divorce adequately recited the essential facts underlying the controversy and identified and valued the parties' marital property and indebtedness, we agree with defendant that in resolving the parties' dispute over equitable distribution and maintenance, Supreme Court did not discharge its obligation to identify the statutory factors it relied upon and articulate the reasons for its conclusions *(see,* Domestic Relations Law § 236 [B] [5] [d], [g]; [6] [a], [b]; *see also, DeSantis v DeSantis,* 205 AD2d 928; *Parks v Parks,* 159 AD2d 841; *cf., Monette v Monette,* 177 AD2d 802). Similarly, in reaching its determination with regard to child support, Supreme Court neither applied the Child Support Standards Act (Domestic Relations Law § 240 [1-b]) nor provided justification for any deviation therefrom *(see,* Domestic Relations Law § 240 [1-b] [c], [f]; *Marlinghaus v Marlinghaus,* 202 AD2d 994). In the absence of any evidence of the children's actual needs, we are precluded from fixing child support *(see, Riseley v Riseley,* 208 AD2d 132, 136) and, given the interrelationship of the factors underlying awards of child support, maintenance and equitable distribution *(see,* Domestic Relations Law § 236 [B] [5] [d] [5]; [6] [a] [1], [6]; § 240 [1-b] [f]) and the staleness of the record with regard to the parties' financial circumstances, it would not be advisable for us to make a determination as to maintenance or equitable distribution.

In order to avoid any confusion on remittal, we note that we have no disagreement with Supreme Court's identification and valuation of the parties' marital property and indebtedness and expressly reject defendant's contention that Supreme Court erred in failing to identify marital debt beyond the $13,500 mortgage on the marital residence. Based upon our review of the record, we conclude that defendant failed to satisfy his burden of proving any marital debt beyond that identified by Supreme Court. Nor should our decision be

interpreted as disapproving of Supreme Court's equal division of marital property and debt or its $400 per month net award to plaintiff of prospective maintenance less child support. Because of Supreme Court's failure to identify the criteria underlying its determination, we are unable to determine whether the awards were appropriate. As a final matter, we reject defendant's challenge to Supreme Court's modest award of counsel fees.

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as distributed the parties' marital property, awarded plaintiff maintenance and denied defendant's request for prospective child support; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.