■ In the Matter of GINA L. MAMMONE, Respondent, v PATRICK YELLEN, Appellant. (And Another Related Proceeding.) [638 NYS2d 509] —Peters, J. Appeals (1) from an order of the Family Court of Washington County (Berke, J.), entered August 24, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to direct respondent to pay for support of his child, (2) from an order of said court, entered November 15, 1994, which directed respondent to pay petitioner's counsel fees, and (3) from an order of

---

the Family Court of Warren County (Austin, J.), entered January 18, 1995, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to find respondent in willful violation of a prior support order.

In 1981, the parties began living together with petitioner's child from another relationship, Tyler. In May 1985, they had one child together, Jacob. Respondent never married petitioner and never adopted Tyler. After the relationship started to deteriorate, petitioner filed for custody and support of Jacob in October 1993 and moved out of the parties' home with the two children in November 1993. Upon consent, Family Court (Hemmett, Jr., J.) ordered that custody be granted to petitioner and that respondent pay temporary child support in the amount of $50 per week for Jacob. It then referred the issue of support to a Hearing Examiner.

On April 4, 1994, respondent consented to a further increase in support to $86.76 weekly pending a fact-finding hearing. As a result of a hearing held on May 11, 1994, the Hearing Examiner determined that the parties' combined parental income was $60,497 and that respondent's proportionate share was 69% or $137 per week, retroactive to the date of the filing of the petition. The Hearing Examiner further determined that petitioner was responsible for 69% of all reasonable and necessary uninsured health, medical, optical, dental, orthodontic, pharmaceutical, psychological and child care expenses for Jacob and was ordered to maintain health insurance for him. Respondent filed written objections to such determination, *inter alia,* believing that there was a miscalculation of his support obligation. These objections were denied by Family Court (Berke, J.) by order entered August 24, 1994.

After appropriate application, the Hearing Examiner further determined that respondent was liable for petitioner's counsel fees in the amount of $2,000. Again respondent filed written objections to such determination which were denied by Family Court (Berke, J.) by order entered November 15, 1994. Convinced that there had been a miscalculation in his support obligation, respondent refused to pay the ordered amount of $137 per week and instead paid what he believed to be the correct amount. As a result of petitioner's filing of a violation petition and after a hearing held on December 22, 1994, Family Court (Austin, J.) found respondent in willful violation of his support obligation by order entered January 18, 1995.[1] Respondent appeals from all of these orders.

---

1. Petitioner and Jacob moved to the City of Glens Falls, Warren County, and thus the matter was transferred to Warren County by order dated

We note, at the outset, that contrary to respondent's contentions, the inaudible responses reflected on the transcript of the hearing held before the Hearing Examiner do not preclude meaningful appellate review (*see, Matter of Department of Social Servs. [R. Children] v Waleska M.*, 195 AD2d 507, 508, *lv denied* 82 NY2d 660). Acknowledging that the gravamen of these proceedings involves the amount of child support, primarily determined through documentary evidence included in the record, we find that we can fully review the issues through the transcript of the hearing, the Hearing Examiner's findings of fact reviewing the testimony of the witnesses and the documentary evidence submitted.

Turning to the issue of child support, we find that respondent's contention that the Hearing Examiner erred in the calculation of his income as $41,838 has merit. We note initially that the parental support obligation is derived from gross income determined from the most recent Federal income tax return (*see,* Family Ct Act § 413 [1] [b] [5] [i]). Although respondent had not yet filed his 1993 tax return by the time the hearing was held in 1994, he did submit a preliminary income tax return for 1993. According to his 1993 preliminary tax return, respondent's gross income was $31,800 which, reduced by the estimated Federal Insurance Contributions Act (hereinafter FICA), would result in an adjusted gross income of $29,367.30 for 1993 (*see,* Family Ct Act § 413 [1] [b] [5] [vii] [H]).[2] Respondent further submitted his 1992 tax return which showed a gross income of $28,490. Yet, as respondent testified, his principal business, Yellen Powerhouse, was incorporated in June 1992 and thus respondent reported that he earned $17,400 in wages once incorporated and $11,859 in business income during the time that the business was operated as a sole proprietorship.

Presented with these tax returns and accepting the Hearing Examiner's assessment that the testimony regarding income as offered by both parties "lacked credibility", we are unable, with the facts relied upon by the Hearing Examiner, to follow

October 20, 1994. Warren County Family Court (Austin, J.) accepted the transfer of this matter.

2. Although the statute allows FICA to be deducted from the income calculation, it requires that FICA be actually paid during such time period. Respondent's 1993 income was therefore adjusted to reflect a more accurate figure. There was nothing in the record or in respondent's brief which indicated that these figures had changed upon filing.

the rationale behind the computation.[3] Having all the information necessary to compute respondent's support obligation, we need not remit the matter to Family Court (see, Matter of Sorrentino v Sorrentino, 203 AD2d 829, 830). Adding $600, representing IRA contributions for 1992, to respondent's 1992 income and, like the Hearing Examiner, disallowing the claimed deduction from such income of $846 as a business loss, we calculate respondent's 1992 income figure, less his FICA contribution, to be $27,766.90. Turning to respondent's reported income on his 1993 preliminary income tax return, reflecting an adjusted gross income less FICA contributions of $29,367.30 and averaging his interest income for both years and attributing a proportionate amount to each, respondent's adjusted income for 1992 would be $27,734.40 whereas his projected income for 1993 would be $29,399.80. Averaging the difference between these figures and adding the difference to our 1992 calculation, we exercise our discretion and impute income to respondent in the amount of $28,567.10. Since the Hearing Examiner appropriately determined that petitioner was capable of earning $20,000 per year and that such income, as adjusted by FICA, would be $18,659, we find that a combined parental income of $47,226.10 would result (see, Family Ct Act § 413 [1] [b] [4]). Thus, for this one child, we calculate the parent's child support obligation to be $8,028.44 annually or $154.39 weekly. Respondent's proportionate share thereof is 60%, or $92.63 per week. Consequently, Family Court's order must be modified accordingly.

As to any claim by respondent that the application of the Child Support Standards Act (hereinafter CSSA; see, Family Ct Act § 413) will bring him below the poverty level or the "self-support reserve" (Family Ct Act § 413 [1] [b] [6]), we find that respondent has failed to proffer any substantive proof of such claim. Noting further that the "[a]pplication of the CSSA formula creates a rebuttable presumption that the statutory guidelines will yield the correct amount of child support" (Matter of Keay v Menda, 210 AD2d 483), we reject any challenge to the use of such formula to calculate the amount of child support since respondent has wholly failed to rebut this presumption. Finally, as to respondent's challenge to the award of

---

3. The Hearing Examiner took respondent's 1993 adjusted income of $29,367.30, subtracted respondent's wages earned in 1992 ($17,400) for a result of $11,967.30, which according to the Hearing Examiner represented the difference between adjusted earned income for 1993 and respondent's wages in 1992. The Hearing Examiner then took such difference and added it to respondent's 1992 total income figure of $28,490, to arrive at the determination that respondent's income was $41,838.

counsel fees, we find no abuse of such discretion by Family Court (*see,* Family Ct Act § 438 [a]; *Matter of Kemenash v McIntyre,* 205 AD2d 898, 899; *Wacholder v Wacholder,* 188 AD2d 130, 137).

Due process challenges to the order finding respondent in willful violation are also found lacking in merit. The transcript reveals that respondent was advised of his right to have an attorney, and that the summons issued in connection therewith similarly informed respondent that he was entitled to an attorney and that he could be imprisoned if he was found to be in willful violation of the order. There was no indication throughout this proceeding that respondent wanted to call any witnesses other than himself. In fact, the record reflects that respondent was granted his request to have a person from the Support Collection Unit present at the hearing so long as respondent agreed not to call that person as a witness. So advised, we find no constitutional infirmities.

The order of Family Court (Berke, J.), entered August 24, 1994, is hereby modified to reflect the support obligations determined herein which shall further include a modification reflecting respondent's proportionate share for all reasonable and necessary uninsured health, medical, optical, dental, orthodontic, pharmaceutical, psychological and child care expenses of the parties' child. As to all other orders appealed, we affirm them in their entirety.

Mercure, J. P., Crew III and Yesawich Jr., JJ., concur. Ordered that the order entered August 24, 1994 is modified, on the law and the facts, without costs, by reducing respondent's child support obligation for Jacob to $92.63 per week and 60% of all reasonable and necessary uninsured health, medical, optical, dental, orthodontic, pharmaceutical, psychological and child care expenses for Jacob, and, as so modified, affirmed. Ordered that the orders entered November 15, 1994 and January 18, 1995 are affirmed, without costs.