■ CHRISTINE A. HAPEMAN, Appellant-Respondent, v JON F. HAPEMAN, Respondent-Appellant. [646 NYS2d 583] —Mikoll, J. Cross appeals from a judgment and amended judgment of the Supreme Court (Klein, J.H.O.) ordering, *inter alia*, equitable distribution of the parties' marital property, entered December 5, 1994 and January 3, 1995 in Columbia County, upon a decision of the court.

Both parties appeal from aspects of the judgment and amended judgment entered in this matrimonial action concern-

ing issues of child support, maintenance, equitable distribution, counsel fees, custody (of the two youngest children) and visitation. The parties were married in October 1971 and had five children: Christine (born in 1973), Claudia (born in 1974), Jon (born in 1977), Margaret (born in 1986) and David (born in 1990). Throughout their marriage, defendant was employed as a computer operator and instructor at IBM, while plaintiff was primarily a homemaker who, at times, worked as a babysitter, Town Clerk and secretary. Marital problems developed in 1986 and plaintiff was treated for depression in 1989. In August 1990, defendant left the marital residence following proceedings in Family Court. Shortly thereafter, Claudia and Jon voluntarily went to live with defendant, after running away from their former home.

In March 1991, Family Court ordered defendant to pay $275 per week in maintenance and child support plus $10 per week toward arrears, upon a finding that defendant's pro rata share of child support was unjust. This order was modified in November 1991 to reduce defendant's support to $540 semi-monthly beginning November 30, 1991. The reduction reflected the fact that defendant had paid the outstanding mortgage on the marital residence through proceeds of a loan which he had obtained, thereby reducing plaintiff's monthly expenses by $549—the amount of the monthly mortgage payment which she was obligated to make.

In August 1992, plaintiff commenced this action for divorce and ancillary relief. Defendant counterclaimed for like relief in his answer. The parties stipulated that plaintiff retain custody of Margaret and David (Christine also resided with plaintiff) and that defendant have visitation. The issues were tried in August 1993 and the parties also stipulated as to the division of personal marital property. Supreme Court, *inter alia*, granted the parties a divorce, awarded custody of Margaret and David to plaintiff with visitation to defendant, and custody of Claudia and Jon to defendant with visitation to plaintiff subject to the wishes of the children and plaintiff. Supreme Court also awarded plaintiff child support and maintenance and provided for distribution of the marital property. Plaintiff moved for reconsideration of the award of child support arrears. By amended judgment, Supreme Court referred the determination of any arrears to Family Court.

Plaintiff's argument that Supreme Court erred in awarding child support in an amount less than provided by the statutory guidelines, without adhering to the statutory requirements, has merit. Supreme Court did not use defendant's correct an-

nual salary in calculating child support. The appropriate sum to use in determining income under the Child Support Standards Act is the party's gross income as it "should have been or should be reported in the most recent federal income tax return" (Domestic Relations Law § 240 [1-b] [b] [5] [i]). A statutory deduction should be taken from such gross income for Federal insurance contributions act (FICA) taxes which defendant has paid (*see,* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [H]). A further statutory deduction should be given to defendant for the five years for which he will make weekly maintenance payments of $100 (*see,* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]).

According to his W-2 form, defendant's gross income for the calendar year 1993 is $1,888 semimonthly or $45,312 annually. Defendant's FICA payment is $144.43 semimonthly or $3,466.32 annually. Defendant's maintenance payments total $5,200 annually. Based on these figures, the annual income upon which defendant's child support obligation should have been calculated is $36,645.68 ($45,312 minus $8,666.32 [representing $3,466.32 plus $5,200]). Multiplying the income figure by the statutory child support percentage of 25% for the two children in plaintiff's custody (*see,* Domestic Relations Law § 240 [1-b] [b] [3] [ii]), the correct annual child support which defendant is obligated to pay until his payment of maintenance terminates is $9,161.42 annually or $176.18 weekly. Upon the termination of his maintenance payments, defendant's annual child support obligation will be $10,461.42 annually or $201.18 weekly.

Supreme Court's award of $133.32 weekly ($66.66 per week for each of the two children in plaintiff's custody) is concededly below the statutory guidelines and Supreme Court did not specifically state the factors which it considered and which warranted departure from the guidelines. Examination of Supreme Court's decision and the findings of fact and conclusions of law reveals no reasoning for the child support award (*see, Dean v Dean,* 214 AD2d 786, 787; *cf., Hart v Hart,* 227 AD2d 698, 699-700; *Creighton v Creighton,* 222 AD2d 740, 741-742). Thus, recalculation of the award is necessary.

As the record provides sufficient documentation to compute such obligation (*see, Matter of Mammone v Yellen,* 224 AD2d 883, 885; *Matter of Sorrentino v Sorrentino,* 203 AD2d 829, 830; *cf., Dean v Dean, supra,* at 787), this Court will modify the judgments accordingly. As previously calculated, the child support award to plaintiff should be $176.18 per week for the time period in which defendant pays maintenance and $201.18 per

week after the termination of defendant's payment of maintenance.

Plaintiff's contention that defendant should have been ordered to pay child support for the parties' child, Christine, until such date as she completes her college education must be rejected. Christine was over 21 years of age at the time of Supreme Court's decision and therefore payment of such expense was not statutorily required (see, Domestic Relations Law § 240 [1-b] [b] [2]). Nor are the requisite special circumstances present that would permit the court to order that such expense be paid in the best interest of the child (see, Domestic Relations Law § 240 [1-b] [c] [7]; see also, Graham v Graham, 175 AD2d 540, 542; cf., Haimowitz v Gerber, 153 AD2d 879, 880). Thus, it cannot be said that Supreme Court abused its discretion as to this issue.

We reject plaintiff's assertion that Supreme Court erred in permitting defendant to recoup from the sale of the residence the proceeds of a loan, plus interest thereon, that he had taken out to pay off the mortgage on the marital residence because proof of the loan and interest was allegedly "faulty". It was plaintiff's responsibility to pay the mortgage as she was the person residing in the marital home and receiving child support (see, Gundlach v Gundlach, 223 AD2d 942, 943; see also, Chasin v Chasin, 182 AD2d 862, 863). Plaintiff failed to make the monthly payments. In order to avoid a foreclosure defendant borrowed the money from a friend, Richard Dill, and paid the mortgage balance. Dill and defendant testified that the loan was in the sum of $12,283 and plaintiff concedes that defendant paid the mortgage in the amount of $12,283.28. The prevailing interest rate was shown to be 7.5% and, thus, defendant was properly allowed to recoup the amount of the loan plus interest from the net proceeds of the sale of the marital residence.

Plaintiff argues that defendant was similarly allowed to improperly recoup from the net proceeds of the sale of the marital residence $5,500 representing a loan made to the parties by defendant's mother for the purchase of a van. This argument is also without merit. As with the mortgage loan, there was adequate proof of two loans totaling that amount.

Plaintiff's contention that Supreme Court erred in its award of maintenance and in requiring that plaintiff pay her own health insurance is rejected. Supreme Court held that plaintiff was capable of substantial self support but, since she was out of the labor market for some time, awarded her maintenance of $100 a week for a period of five years commencing with the

date of the judgment. This determination, however, includes only one of the statutory factors to be considered—the ability to become self-supporting—in making such award (*see*, Domestic Relations Law § 236 [B] [6] [a] [4]). Although Supreme Court did not fulfill its statutory obligation to identify and discuss the statutory factors it relied upon and to articulate reasons for its conclusions (*see*, *Dean v Dean*, 214 AD2d 786, 787, *supra*; *DeSantis v DeSantis*, 205 AD2d 928; *Weaver v Weaver*, 192 AD2d 777, 778), there is sufficient evidence in the record to enable this Court to review the issue and make appropriate findings, which this Court will do rather than remit the matter (*see*, *Weaver v Weaver*, *supra*, at 778; *Wilson v Wilson*, 101 AD2d 536, 538, *appeal dismissed* 63 NY2d 768, *lv denied* 64 NY2d 607).

The record indicates that the award of maintenance is proper. This was a longstanding marriage of approximately 20 years' duration in which plaintiff was the primary caretaker of the parties' children while defendant pursued a successful career at IBM. At the time of the trial, plaintiff had minimal income (approximately $30 per week earned by caring for an elderly woman and $10 WIC benefits). Plaintiff had monthly personal and household expenses of approximately $1,600, while defendant's annual income at the same time was approximately $45,000 and his monthly expenses were approximately $1,733. Their child David was only two years old at the time of trial and plaintiff is capable of obtaining at least part-time employment once David enters school based on her high school education and ability to do office/secretarial work. In light of these facts (*see*, Domestic Relations Law § 236 [B] [6] [a] [2], [3], [4], [5], [6], [8]), the maintenance award of $100 per week for five years is reasonable and should not be disturbed. Nor did Supreme Court abuse its discretion in failing to order defendant to purchase health insurance for plaintiff upon the facts of this case (*see*, *Cardia v Cardia*, 203 AD2d 650, 651; *see also*, *Simmons v Simmons*, 159 AD2d 775, 777).

Plaintiff's contention that Supreme Court abused its discretion in ordering the parties to pay their own counsel fees is meritorious. There is a wide disparity in income between the parties. Moreover, defendant waived the right to a hearing on the issue of counsel fees by his failure to object to plaintiff's application at trial that counsel fees be decided by the court upon submissions by the parties (*see*, *Gundlach v Gundlach*, 223 AD2d 942, 943, *supra*; *Rosenberg v Rosenberg*, 155 AD2d 428, 431-432). Plaintiff's counsel submitted a supporting affidavit with an attached bill detailing his services, the time expended

and an outstanding balance of $5,710. Equity requires that plaintiff be awarded counsel fees in this case (*see, De Cabrera v Cabrera-Rosete*, 70 NY2d 879, 881; *Theodoreu v Theodoreu*, 225 AD2d 686, 687; *Creighton v Creighton*, 222 AD2d 740, 740-741, *supra*). Thus, as the amount sought by plaintiff for counsel fees is reasonable, plaintiff should be awarded counsel fees in the requested sum of $5,710.

We reject plaintiff's claim that Supreme Court improperly failed to grant her a credit against her portion of the amount owed for outstanding real estate taxes on the marital residence. Plaintiff has submitted no probative evidence from which it can be determined that she made the payments which she alleges she made, nor does she specify the amount of credit to which she is allegedly entitled. Consequently, it cannot be said Supreme Court abused its discretion in denying her request for such credit.

However, defendant's argument that he is entitled to a credit for mortgage payments which he asserts he made in the sum of $1,647 and $549 in July 1991 is persuasive. Defendant's trial testimony that he made mortgage payments in those amounts on July 9, 1991 and July 30, 1991 in response to a foreclosure notice from the bank, along with the documentary evidence that the sums were paid, is sufficient proof of the payments. Consequently, Supreme Court abused its discretion in failing to award defendant a credit in the sum of $2,196 for such payments (*see, Carpenter v Carpenter*, 202 AD2d 813; *Reina v Reina*, 153 AD2d 775, 777).

Defendant's argument that Supreme Court erred in awarding custody of the two youngest children to plaintiff because such award is contrary to the best interests of the children must be rejected even though the court's decision did not set forth the factors it considered in determining custody and did not state that it was in the best interests of the children to award custody to plaintiff. A review of the record herein and consideration of the "totality of the circumstances" (*Eschbach v Eschbach*, 56 NY2d 167, 174) demonstrates that Supreme Court's award of custody to plaintiff has a sound and substantial basis (*see, Matter of Daniel R. v Noel R.*, 195 AD2d 704, 706; *Cochran v Cochran*, 177 AD2d 818, 819) and is in the best interests of the children (*see, Eschbach v Eschbach, supra*, at 171; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 93-94; *Matter of Belden v Keyser*, 206 AD2d 610). Consequently, the custody award of the two youngest children to plaintiff should be affirmed.

Defendant's request for additional visitation time with the

two youngest children should be granted by modifying defendant's visitation schedule on holidays from 9:00 A.M. to 6:00 P.M. and on Father's Day and birthdays from 1:00 P.M. to 6:00 P.M. In addition, defendant should be afforded six weeks of visitation during the children's summer vacation and a full week of visitation during the children's spring recess. Under the circumstances of this case we find extension of the visitation schedule as set forth above to be in the best interests of the children and desirable (*see, Matter of Stewart v Stewart*, 222 AD2d 895, 896-897; *Cardia v Cardia*, 203 AD2d 650, 652, *supra*; *Potier v Potier*, 198 AD2d 180).

Finally, we find no error in Supreme Court's referral of all issues regarding child support arrears to Family Court. We have considered the parties' remaining arguments of error and find them to be without merit.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the judgment and amended judgment are modified, on the law and the facts, without costs, by (1) awarding $176.18 weekly to plaintiff in child support until such time as defendant's payment of maintenance terminates, at which time his child support obligation is $201.18 weekly, which amount is to be paid on a semimonthly basis inasmuch as defendant is paid in that manner, (2) awarding plaintiff counsel fees in the sum of $5,710, (3) awarding defendant a credit in the sum of $2,196 out of the proceeds of the sale of the marital residence for mortgage payments he made, and (4) increasing defendant's visitation schedule to afford him visitation on holidays from 9:00 A.M. to 6:00 P.M., on Father's Day and birthdays from 1:00 P.M. to 6:00 P.M., six weeks during the children's summer vacation and a full week of visitation during the children's spring recess, and, as so modified, affirmed.