*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 16, 2016                    521664
_____

JEANANNE KELLY,
                    Appellant,
          v                                    MEMORANDUM AND ORDER

JAMES ELWOOD KELLY,
                    Respondent.
_____

Calendar Date:  March 25, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Clark, JJ.

                    _____

          John Ferrara, Monticello, for appellant.

                    _____

Devine, J.

          Appeal from a judgment of the Supreme Court (McGuire, J.),
entered March 5, 2015 in Sullivan County, ordering, among other
things, equitable distribution of the parties' marital property,
upon a decision of the court.

          Plaintiff (hereinafter the wife) and defendant (hereinafter
the husband) were married in 1994 and have one unemancipated
child who is primarily in the wife's care.  The parties separated
in 2011, and the wife commenced this action for divorce in 2014.
The parties stipulated to the grounds for divorce and, because
issues of custody and child support had largely been resolved in
Family Court, the nonjury trial revolved around matters of
equitable distribution and maintenance.  Supreme Court thereafter
issued a judgment that granted the divorce and ordered the
husband to make biweekly child support payments of $333.76 to the
wife.  Supreme Court further distributed the marital property and
debts and directed the husband to pay $500 a month in maintenance
for 60 months which, after accounting for the wife's obligation

to reimburse the husband for certain debts and sold assets, resulted in a net payment to the wife of $367.40 a month in spousal maintenance.  The wife now appeals.

The wife challenges the equitable distribution award in various respects, but that "determination will not be disturbed absent an abuse of discretion or failure to consider the requisite statutory factors" (Williams v Williams, 99 AD3d 1094, 1096 [2012]; see Robinson v Robinson, 133 AD3d 1185, 1187 [2015]).  Supreme Court considered the applicable factors and discovered that there were few positive assets to distribute beyond the husband's pension, as the value of the marital residence had been outstripped by substantial unpaid property taxes and debt secured by a mortgage on it.  The husband has exclusively lived at the residence since 2012, has taken steps to begin paying off the back taxes and is indisputably in a better financial position than the wife to tackle the various debts associated with it.  Supreme Court therefore directed that the husband take sole ownership of the residence if he assumed full responsibility for future carrying costs and refinanced the mortgage in his name alone; if he did not do so by a set date, the residence was to be sold and the net proceeds or losses would belong to the husband.  Despite the conditional award of the residence to the husband, Supreme Court properly found the wife responsible for part of the back taxes relating to the time that she lived there (see Cornish v Eraca-Cornish, 107 AD3d 1322, 1323 [2013]; Chabbott v Chabbott, 306 AD2d 368, 369 [2003]).  Supreme Court likewise did not abuse its discretion in declining to credit the wife for separate funds that she applied toward the down payment on the residence, as that contribution has been swamped by the flood of marital debt related to the residence (see Arnone v Arnone, 36 AD3d 1170, 1172 [2007]).  The wife complains of other aspects of the equitable distribution award as well but, suffice it to say, we discern nothing in it to constitute an abuse of discretion.

The wife further challenges the award of maintenance and, inasmuch as Supreme Court thoroughly reviewed the statutory factors, its maintenance award will not be disturbed absent an abuse of discretion (see Domestic Relations Law § 236 [B] [former (6)]; Robinson v Robinson, 133 AD3d at 1186; Cornish v Eraca-

Cornish, 107 AD3d at 1324). The parties are exiting a 19-year marriage as middle-aged high school graduates who are in good health. That being said, the husband earned roughly $60,000 a year plus an unknown amount of "off the books" income, while the wife earned approximately $28,000, and Supreme Court found that a significant increase in the wife's earning capacity was unlikely given her employment history and age. While we are cognizant that the parties face financial difficulties that place the predivorce standard of living out of reach and render them both responsible for substantial debts, Supreme Court, in our view, gave inadequate consideration to the length of the marriage, the large disparity between the parties' incomes and the unlikelihood that the wife will be able to close that gap through her own efforts. This conclusion is further supported by the fact that the parties' unemancipated child resides with the wife, the husband's live-in girlfriend helps pay for their living expenses, and the husband performs "off the books" work on a somewhat regular basis. A recalibration of the award is necessary to strike the "delicate balance of each party's needs and means or ability to pay" and, as such, we increase the husband's monthly maintenance obligation to $632.60 (McCaffrey v McCaffrey, 107 AD3d 1106, 1107 [2013] [internal quotation marks, brackets and citations omitted]). The effect of that increase is to require a net maintenance payment of $500 a month to the wife, to be paid in biweekly installments.

The wife lastly faults Supreme Court for not including "off the books" income earned by the husband in calculating his child support obligation, and Supreme Court did, in fact, find that the husband had earned such income in making its award of maintenance. The wife did not ask Supreme Court to consider this income in calculating the husband's child support obligation but, inasmuch as the husband acknowledged that he earned some amount of unreported income, "we exercise our discretion to review the record and to make independent findings in this regard" (Lounsbury v Lounsbury, 300 AD2d 812, 817 [2002]; see Matter of Mammone v Yellen, 224 AD2d 883, 886 [1996]). The trial testimony on this issue is minimal but sufficient to permit the finding that the husband earns at least $1,440 in additional annual income; imputing that amount to the husband increases his gross annual income to $61,924 (see Matter of Mammone v Yellen, 224

AD2d at 886). Accordingly, after factoring in that increase and the proportional change in both parties' incomes occasioned by the payment of maintenance (see Nichols v Nichols, 19 AD3d 775, 779 [2005]), we modify the child support award to the extent of providing that the husband pay $332.32 every two weeks to the wife.

McCarthy, J.P., Garry, Lynch and Clark, JJ., concur.


ORDERED that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as ordered defendant to pay plaintiff maintenance in the amount of $500 a month for 60 months commencing in January 2015 and child support in the amount of $333.76 every two weeks; defendant is directed to pay maintenance in the amount of $632.60 per month for a period of 60 months commencing in January 2015 and child support in the amount of $332.32 every two weeks; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court