■ SAL J. CERVONE, Respondent-Appellant, v ROBERTA JOY CERVONE, Appellant-Respondent. [904 NYS2d 481]—

In an action for a divorce, the defendant wife appeals, as limited by her brief, from stated portions of an amended judgment of the Supreme Court, Nassau County (Shifrin, Ct. Atty. Ref.), entered June 18, 2009, which, after a nonjury trial and upon a decision of the same court dated May 15, 2009, inter alia, failed to award her maintenance and an attorney's fee, and the plaintiff husband cross-appeals, as limited by his brief, from stated portions of the same judgment, which, among other things, set aside the parties' separation agreement and equitably distributed the parties' assets.

Ordered that the amended judgment is modified, on the law, on the facts, and in the exercise of discretion, by adding the phrase "less the amount of $12,272.58 previously distributed to the defendant, for a net amount of $27,727.42," after the figure of "$40,000" as stated in decretal paragraph "(a)," and by adding decretal paragraph "(e)" to the amended judgment, to provide for the defendant to receive durational maintenance in the amount of $750 per month for a period of 60 months; as so modified, the amended judgment is affirmed insofar as appealed and cross-appealed from, with costs to the defendant.

The parties were married on July 2, 1990 and had no children during their 13-year marriage. On June 17, 2003 the parties executed a separation agreement (hereinafter the agreement), which was incorporated but not merged into an uncontested divorce judgment entered August 6, 2003. While marital assets totaled in excess of $550,000, the agreement provided, inter alia, for the parties to waive their rights to spousal support and equitable distribution, and for the defendant to waive her rights to the plaintiff's profit sharing plan. The sole benefit that the defendant obtained was the proceeds of the parties' joint checking account, which she collected the day after the agreement was executed, in the sum of $12,272.58. The defendant was not represented by an attorney when she was shown the agreement.

Additionally, the plaintiff's attorney drafted the agreement, and no financial information was exchanged during the one-day period of time which elapsed after the defendant was shown the agreement until the time it was executed at the office of the attorney for the plaintiff the following day.

On December 15, 2004 the defendant commenced an action to set aside the agreement on the grounds of, inter alia, overreaching and duress, and to obtain an award of equitable distribution, spousal maintenance, and attorney's fees. At the time of the trial in 2008, the defendant was 58 years old and the plaintiff was 46, and the plaintiff was still residing in the marital residence, albeit now with his second wife and child.

The Supreme Court improvidently exercised its discretion in denying an award of durational spousal maintenance to the defendant (*see Hartog v Hartog*, 85 NY2d 36 [1995]; *Xikis v Xikis*, 43 AD3d 1040, 1042 [2007]; *Dermigny v Dermigny*, 23 AD3d 429 [2005]; *Palumbo v Palumbo*, 10 AD3d 680 [2004]). While "[t]he amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its unique facts" (*Xikis v Xikis*, 43 AD3d 1040, 1042 [2007]), factoring in, among other things, the disparity in the parties' financial circumstances, the pre-divorce standard of living, the age and skills of the parties, and the duration of the marriage, we find it appropriate to award her the sum of $750 a month as maintenance for a period of 60 months (*see* Domestic Relations Law § 236 [B] [6]; *Bladt v Bladt*, 72 AD3d 717 [2010]).

The Supreme Court properly denied the defendant's application for an award of an attorney's fee in excess of $50,000 (*see* Domestic Relations Law § 237 [a]), as the documentation which the defendant's attorney submitted was devoid of any information which identified the services rendered, and thereby precluded the granting of such an award (*cf. Pudalov v Pudalov*, 308 AD2d 524 [2003]; *Wong v Wong*, 300 AD2d 473 [2002]; *Darvas v Darvas*, 242 AD2d 554 [1997]).

The contentions raised by the plaintiff on his cross appeal are without merit, except to the extent the Supreme Court failed to deduct, from the present award, the distribution which the defendant collected the day after the agreement was executed. Rivera, J.P., Balkin, Austin and Roman, JJ., concur.