State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  February 26, 2015                519150
_____

MAREN E. VANTINE,
                    Appellant-
                    Respondent,

        v
                                      MEMORANDUM AND ORDER
DAVID C. VANTINE,
                    Respondent-
                    Appellant.
_____

Calendar Date:  January 8, 2015

Before:  Peters, P.J., Lahtinen, McCarthy and Lynch, JJ.

                    _____

        Brian Michael Miga, Utica, for appellant-respondent.

        Melvin & Melvin, PLLC, Syracuse (Frank J. Vavonese of
counsel), for respondent-appellant.

        Karin Morris, Syracuse, attorney for the child.

                    _____

Lahtinen, J.

        Cross appeals from a judgment of the Supreme Court
(McDermott, J.), entered November 5, 2013 in Madison County,
ordering, among other things, equitable distribution of the
parties' marital property, upon a decision of the court.

        Plaintiff (hereinafter the wife) and defendant (hereinafter
the husband) were married in June 2003, had one child together
(born in 2004), and the wife commenced this divorce action in
December 2010.  In May 2011, the husband was directed to pay
temporary maintenance of $5,769.23 biweekly and child support of
$850 biweekly.  Prior to trial, the parties agreed to joint legal

custody of the child, primary residence with the wife and liberal parenting time for the husband. A trial ensued as to equitable distribution, maintenance and child support. Considerable conflicting proof was presented as to the values of two businesses, the husband's 95% interest in the separate property Vantine Imaging, LLC and his 100% interest in the marital property Greek Composites, LLC. Supreme Court awarded the wife $82,525 for Vantine Imaging, representing 2.5% of the increase in value of the husband's share of the company during the marriage, and $150,000 for Greek Composites, representing 30% of that company's value as of the commencement of the action. The husband was directed to pay $2,700 per month in child support, 100% of health insurance premiums and related medical costs for the child, and 100% of the child's college tuition and associated expenses. The wife was awarded $6,700 a month in maintenance for a period of three years. Her application for counsel fees and the cost of expert services was denied. The wife appeals and the husband cross-appeals.

The equitable distribution award was within Supreme Court's discretion. The wife contends that she should have received a larger percentage of the increase in value during the marriage of the husband's 95% interest in Vantine Imaging. That company was formed in 2000, prior to the marriage, and it essentially continued a photography business that had been in the husband's family for several generations. It was undisputedly separate property (see Domestic Relations Law § 236 [B] [1] [d] [1]). "[I]n order for appreciation in the value of this asset to be deemed marital property subject to equitable distribution, the [wife] was required to demonstrate the manner in which her contributions resulted in the increase in value and the amount of the increase which was attributable to her efforts" (Turco v Turco, 117 AD3d 719, 721 [2014] [internal quotation marks, brackets and citations omitted]; see Price v Price, 69 NY2d 8, 17-18 [1986]; Van Dyke v Van Dyke, 273 AD2d 589, 592 [2000]).

Supreme Court credited the husband's expert and found that the value of his interest in Vantine Imaging had appreciated by $3,301,000 during the marriage. However, the court determined that the husband had a minor role in such appreciation because the company was run by a management team and the husband had

limited involvement in the company's business as he instead pursued his motorcycle racing hobby. The court further found that the wife had made minimal contributions to the husband's limited involvement in the company. These findings involved credibility determinations by Supreme Court and, deferring to those determinations (see Carlson-Subik v Subik, 257 AD2d 859, 862 [1999]), the record supports Supreme Court's finding that the wife failed to prove that she was entitled to a larger award, under the circumstances, for the appreciation of the husband's separate property (see Ellis v Ellis, 235 AD2d 1002, 1004 [1997]).

With respect to the parties' remaining marital property, "[i]t is well established that equitable distribution of marital property does not necessarily mean equal, and Supreme Court has substantial discretion in fashioning an award of equitable distribution" (Lurie v Lurie, 94 AD3d 1376, 1378 [2012]; see Quinn v Quinn, 61 AD3d 1067, 1069 [2009]). Supreme Court set forth adequate reasons for its distribution of the property and we are unpersuaded that it abused its discretion.

The wife argues that the award of maintenance was insufficient. "[T]he purpose of maintenance is to provide temporary support while the recipient develops the skills and experience necessary to become self-sufficient" (Armstrong v Armstrong, 72 AD3d 1409, 1415 [2010] [internal quotation marks and citations omitted]). "The amount and duration of a spousal maintenance award is within the sound discretion of Supreme Court, after consideration of the enumerated statutory factors, as well as the marital standard of living" (Roberto v Roberto, 90 AD3d 1373, 1376 [2011] [citations omitted]). Supreme Court detailed the reasons for its award. Among other things, the court discussed the fact that the wife was 44 years old, in good health, had a Bachelor's degree in German and had worked as a flight attendant. With two semesters of college, she could obtain a teaching certificate, which she indicated an interest in pursuing. Various potential employment opportunities for the wife were apparently available within commuting range. The court characterized the parties' lifestyle during the short marriage as comfortable and determined that they had lived well within their means. The wife's contention that she could not return to work

because she needed to be available for the child was found
unconvincing.  The fact that she had an infant at home from a
relationship with another man after the parties separated in 2008
was noted.  The impact of, among other things, the distributive
awards was considered.  Although not every statutory factor was
analyzed, nonetheless the court "provide[d] a reasoned analysis
for its decision . . ., including a discussion of the factors
upon which it relied" (McAteer v McAteer, 294 AD2d 783, 784
[2002] [internal quotation marks and citation omitted]), and the
award was within the court's discretion.

        We agree with the wife and attorney for the child that the
amount of child support should be increased.  The husband's
adjusted gross income in 2011 was $902,277[1] and the parties do
not dispute Supreme Court's calculation that his pro rata share
of basic child support was 91.8%, resulting in an obligation of
$21,224 ($1,769 per month) based on the initial $136,000 of
combined parental income for one child (17%) (see Domestic
Relations Law § 240 [1-b] [b] [3] [i], [c] [2]-[3]).  With regard
to the income exceeding $136,000, "the court must determine the
parties' child support obligations for that excess amount by
considering the so-called 'paragraph (f)' factors" (Sadaghiani v
Ghayoori, 97 AD3d 1013, 1013-1014 [2012]; see Domestic Relations
Law § 240 [1-b] [c] [3]; [f]).  Although Supreme Court increased
child support to $2,700 per month, we find that amount
inadequate.  The record reflects, among other things, that the
child has special needs and emotional health issues that consume
considerable amounts of the wife's time and require additional
resources to adequately address, the husband's income and
financial resources far exceed those of the wife, the child
participated in various trips, recreational and instructive
activities, enjoying a comfortable standard of living, and an
additional amount is necessary to keep in place the standard of
living that the child would have enjoyed had the marriage
continued.  Under all the facts and circumstances, the husband's
child support obligation should be $5,000 per month, which
reflects the addition of about 5% of the husband's income over

_____

        [1]  His income was reportedly more than 50% higher in 2009
and 2010 than in 2011.

$136,000 (see generally Quinn v Quinn, 61 AD3d at 1072; Bean v Bean, 53 AD3d 718, 725 [2008]).

The wife should have been awarded at least part of her counsel fees and expert witness fees. For matrimonial actions such as this one commenced on or after October 12, 2010, there is now a statutory "rebuttable presumption that counsel fees shall be awarded to the less monied spouse" (Domestic Relations Law § 237 [a]; see L 2010, ch 329, §§ 1, 3; ch 415). The wife is clearly the less monied spouse by a significant margin. Although Supreme Court noted that the wife received generous temporary maintenance, we are unpersuaded under the circumstances that such fact adequately rebuts the presumption that the husband should pay at least a portion of the wife's fees (see Suppa v Suppa, 112 AD3d 1327, 1329 [2013]; Francis v Francis, 111 AD3d 454, 455 [2013]; Leonard v Leonard, 109 AD3d 126, 129-130 [2013]; see also Armstrong v Armstrong, 72 AD3d at 1416). The matter is remitted for a hearing to determine an appropriate award of such fees.

Turning to the husband's cross appeal, he argues that he was entitled to a credit on the equitable distribution for payment of excess temporary maintenance. Although such a credit may be granted, it is not mandatory, and we find no abuse of discretion (see Fox v Fox, 306 AD2d 583, 583-584 [2003], appeal dismissed 1 NY3d 622 [2004]; see also Johnson v Chapin, 12 NY3d 461, 466 [2009]). The remaining arguments, to the extent preserved, have been considered and are unavailing.

Peters, P.J., McCarthy and Lynch, JJ., concur.

ORDERED that the judgment is modified, on the law and the facts, without costs, by increasing defendant's child support obligation to $5,000 per month; matter remitted to the Supreme Court for a hearing to determine an appropriate award to plaintiff of counsel fees and expert witness fees; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court