Lahtinen, J.P.
Appeals (1) from a judgment of the Supreme Court (Teresi, J.), entered April 29, 2013 in Greene County, upon a decision of the court partially in favor of plaintiff, and (2) from an order of said court, entered June 19, 2013 in Greene County, which denied defendant’s motion for an award of counsel fees.
Plaintiff (hereinafter the husband) and defendant (hereinafter the wife) were married in June 2006 and this divorce action was commenced in August 2010. Following a trial, Supreme Court rendered a written decision in November 2012 in which it granted a divorce, distributed the marital property, awarded *1189 the wife durational maintenance and, as relevant on appeal, denied the wife’s request for counsel fees. The denial of counsel fees was based primarily on a lack of proof as to such issue. In January 2013 and before the judgment of divorce was entered, the wife made a motion for counsel fees and submitted, among other things, billing records. The motion was denied in a decision dated March 2013 (later reduced to an order entered in June 2013). The judgment of divorce was entered in April 2013. The wife appeals.
We affirm. Domestic Relations Law § 237 (a) was amended in 2010 and the new provisions apply to actions commenced on or after October 12, 2010 (see L 2010, ch 329, §§ 1, 3; ch 415). This action was commenced in August 2010 and, although the parties and Supreme Court referenced some of the newly added statutory language, nonetheless, the application for counsel fees was governed by Domestic Relations Law former § 237 (a) (see Harrington v Harrington, 93 AD3d 1092, 1094 n 2 [2012]). The language of the former statute “ha[d] been interpreted to permit the court to direct payment of fees and expenses ‘at any time after the start of the action up through the entry of final judgment’ ” (Redgrave v Redgrave, 304 AD2d 1062, 1066 [2003] [emphasis omitted], quoting O’Shea v O’Shea, 93 NY2d 187, 192 [1999]), and making such an award is “ ‘left to the sound discretion of [the trial court]’ ” (Cornish v Eraca-Cornish, 107 AD3d 1322, 1326 [2013], quoting Strang v Strang, 222 AD2d 975, 979 [1995]).
At trial, the wife’s counsel stated that counsel fees would be addressed, but evidence was not presented as to such issue. Supreme Court set forth on the record that counsel fees was one of the issues at trial. The court instructed the parties to address such issue in their proposed statements of fact and conclusions of law, thus giving further notice that the issue would be decided based on the evidence presented at trial, and the wife’s counsel indicated that he had no questions regarding the court’s instructions. The court had also told the parties that it would not accept additional proof after the trial.
Inasmuch as the wife’s counsel failed to “establish the nature or value of the services rendered,” Supreme Court did not err in refusing to award counsel fees (Nolan v Nolan, 104 AD3d 1102, 1107 [2013]; see Yarinsky v Yarinsky, 2 AD3d 1108, 1110 [2003]). Although the court was permitted (but not required) under the former statute to consider an application for counsel fees up to entry of judgment, we are unpersuaded that it abused its discretion here in light of the parameters and time frames it had established for submitting such proof. Lest there *1190 be any confusion, we make clear that this case is decided under the former statutory language and we express no opinion whether the result would be the same under the current statutory language.
Devine and Clark, JJ., concur.