*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 22, 2015                    520091
_____

GREGORY P. GIFFORD,

                         Appellant-
                         Respondent,

          v                                    MEMORANDUM AND ORDER

HOLLY J. GIFFORD,

                         Respondent-
                         Appellant.
_____

Calendar Date:   September 11, 2015

Before:   McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

                         _____


        Wardlaw Associates, PC, Saratoga Springs (Donna E. Wardlaw
of counsel), for appellant-respondent.

        Gordon, Tepper & DeCoursey, LLP, Glenville (Jennifer P.
Rutkey of counsel), for respondent-appellant.

                         _____


Lynch, J.

        Cross appeal from a judgment of the Supreme Court (Reilly,
J.), entered February 6, 2014 in Schenectady County, ordering,
among other things, maintenance to defendant, upon a decision of
the court.

        Plaintiff (hereinafter the husband) and defendant
(hereinafter the wife) were married in 1986 and have three
emancipated children.  The husband is a self-employed
geotechnical engineer who owns Gifford Engineering, LLC
(hereinafter the company).  The wife is a college graduate,
decorator and artist who was primarily a homemaker and was
employed only intermittently during the marriage.  This action

was commenced in January 2012. At the commencement of the trial, the parties entered into a stipulation on the record settling all issues of equitable distribution. A bench trial proceeded on the issue of maintenance and corresponding counsel fees arising out of the trial. Supreme Court granted the husband a judgment of divorce, which incorporated the equitable distribution settlement, and awarded the wife nondurational maintenance of $6,000 per month from January 1, 2014 through January 31, 2020, $3,000 per month from February 1, 2020 through June 1, 2022, and $800 per month thereafter, terminating upon either party's death or the wife's remarriage (see Domestic Relations Law § 236 [B] [6] [c]). Supreme Court also denied the wife's request for counsel fees. The husband appeals and the wife cross-appeals.

The husband contends that Supreme Court erred in utilizing his total average annual income of $332,431 for purposes of calculating a maintenance award, without making an adjustment for the distributive award of the company. We agree. As part of the stipulation, the parties agreed that the company was a marital asset for which the wife received a distributive award of $210,000. That award was based on a joint appraisal prepared by Edward Selig, a certified public accountant, who valued the business as of December 31, 2011 at $448,000, which report was received in evidence by stipulation.[1] A review of the report confirms that the valuation was based on the husband's capitalized projected earnings, utilizing annual base earnings of $148,000. This valuation method triggers the rule against double counting income, which provides that, "[o]nce a court converts a specific stream of income into an asset, that income may no

---

[1] The stipulation does not expressly state that the award was based on 50% of the value of the business, but the record indicates that it was essentially an equal distribution. While the parties retained separate experts to assess the tax-impacted value of the business, that reduced valuation issue was not pursued in view of the settlement. The record shows that, in addition to the payout, the wife received a Lexus automobile, listed as an asset of the company with a value of approximately $27,000. As a result, she effectively received an equal share of the business.

longer be calculated into the maintenance formula and payout" (Grunfeld v Grunfeld, 94 NY2d 696, 705 [2000]; accord Mula v Mula, 131 AD3d 1296, ___, 16 NYS3d 868, 871 [2015]). Further, "[d]ouble counting may occur when marital property includes intangible assets such as professional licenses or goodwill or the value of a services business" (Keane v Keane, 8 NY3d 115, 122 [2006]). We agree with the husband that his solely owned engineering company is a service business for purposes of the double counting rule (see id.; Mula v Mula, 16 NYS3d at 871; Greisman v Greisman, 98 AD3d 1079, 1081 [2012]; Noble v Noble, 78 AD3d 1386, 1389-1390 [2010]; Rodriguez v Rodriguez, 70 AD3d 799, 801 [2010]; V.M. v N.M., 43 Misc 3d 1204[A], 2014 NY Slip Op 50491[U], *13-14 [Sup Ct, Albany County 2014]). Since the wife already received her equitable share of the company by stipulation, an appropriate income adjustment must be made in calculating the maintenance award (see Grunfeld v Grunfeld, 94 NY2d at 705-706). Given that the record here is sufficiently developed, in the interest of judicial economy, we opt to make the adjustment (see Smith v Smith, 8 AD3d 728, 731 [2004]) and conclude that the husband's baseline earnings of $148,000 should be utilized as the income available for maintenance purposes.

We further conclude that Supreme Court did not abuse its discretion in awarding the wife nondurational maintenance. Supreme Court addressed the pertinent statutory factors as well as the marital standard of living (see Domestic Relations Law § 236 [B] [6] [a]), with due recognition that the wife received a sizeable equitable distribution award, overstated her expenses and opted not to work outside of the home during most of the marriage. While these factors militate against an extensive award, the court also pointed out that, due to her age — 58 at the time of trial — certain health limitations and absence from the work force, the wife's employment prospects were limited. The court also recognized that the husband was 61 at the time of trial, had health limitations that impacted his ability to perform demanding field work and had professed an intent to retire at the age of 65. That being said, the husband's future earning prospects far exceed the wife's, such that the limited nondurational award in this long-term marriage was within the court's discretion. Moreover, the court employed a tiered approach, reducing the amount of the award based on the husband's

projected retirement and eligibility for Social Security.  Even though the record indicates that the wife could be self-sufficient, the additional maintenance award facilitates her ability to maintain the comfortable predivorce standard of living that the parties enjoyed (see Hartog v Hartog, 85 NY2d 36, 50-51 [1995]; Orioli v Orioli, 129 AD3d 1154, 1156 [2015]; Keil v Keil, 85 AD3d 1233, 1237-1238 [2011]; Bean v Bean, 53 AD3d 718, 723 [2008]).  Factoring in the double counting adjustment, however, we reduce the award to $2,700 per month from January 1, 2014 through January 31, 2020, $1,350 per month from February 1, 2020 through June 1, 2022, and $360 per month thereafter.

Finally, we discern no abuse of discretion in Supreme Court's denial of the wife's request for counsel fees.  We are mindful that the wife's status as the less monied spouse gives rise to a rebuttable presumption that she is entitled to counsel fees (see Domestic Relations Law § 237 [a]; Vantine v Vantine, 125 AD3d 1259, 1262 [2015]).  Here, in light of the equitable distribution, maintenance and substantial interim award of fees, we find that the presumption in her favor was adequately rebutted.

McCarthy, J.P., Egan Jr. and Clark, JJ., concur.

ORDERED that the judgment is modified, on the law, without costs, by reducing defendant's maintenance award to $2,700 per month from January 1, 2014 through January 31, 2020, $1,350 per month from February 1, 2020 through June 1, 2022, and $360 per month thereafter, and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court