# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**61**
**CA 15-00668**
PRESENT: SMITH, J.P., CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

ROLAND E. STUART, PLAINTIFF-APPELLANT,

V                                        MEMORANDUM AND ORDER

PEGGY L. STUART, DEFENDANT-RESPONDENT.

---

DEGNAN LAW OFFICE, CANISTEO (ANDREW J. ROBY OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

THE LAW OFFICE OF GUY A. TALIA, ROCHESTER (GUY A. TALIA OF COUNSEL),
FOR DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Steuben County
(Joseph W. Latham, A.J.), entered May 29, 2014 in a divorce action.
The judgment, among other things, awarded defendant spousal
maintenance and directed plaintiff to pay $2,000 for defendant's
counsel fees.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by reducing the award of maintenance
to $850 per month and vacating the award of counsel fees, and as
modified the judgment is affirmed without costs.

Memorandum: In this matrimonial action, plaintiff husband
appeals from a judgment of divorce insofar as it directed him to pay
maintenance to defendant wife in the amount of $1,116 per month for 7½
years and awarded defendant $2,000 in counsel fees. We agree with
plaintiff that the maintenance award is excessive and should be
reduced. Plaintiff's monthly income consists of Social Security
benefits in the amount of $1,509 and $466.29 from his pension, for a
total of $1,975.29. After paying maintenance along with child
support, plaintiff has only $252.59 per month upon which to live.
Although plaintiff, who is 66, should be able to find employment to
supplement his income, having voluntarily retired from a job that paid
him $46,594.03 annually, it is unlikely that he will be able to earn
enough to afford the amount of maintenance awarded by Supreme Court.

Having considered all of the relevant factors set forth in
Domestic Relations Law § 236 (B) (6) (a), including the limited income
and earning potential of plaintiff, we modify the judgment by reducing
the maintenance award to $850 per month, which more accurately
" 'reflects an appropriate balancing of [defendant's] needs and
[plaintiff's] ability to pay' " (*McCarthy v McCarthy*, 57 AD3d 1481,
1482; *see generally Cameron v Cameron*, 238 AD2d 925, 925). We

perceive no basis in the record to reduce the term of maintenance set by the court.

Finally, we agree with plaintiff that the court failed to comply with Domestic Relations Law § 237 when it ordered him to pay $2,000 in counsel fees.  Domestic Relations Law § 237 (b) provides that, before an award of counsel fees may be made, "[b]oth parties to the action or proceeding and their respective attorneys[] shall file an affidavit with the court detailing the financial agreement[] between the party and the attorney.  Such affidavit shall include the amount of any retainer, the amounts paid and still owing thereunder, the hourly amount charged by the attorney, the amounts paid, or to be paid, any experts, and any additional costs, disbursements or expenses."  An affidavit of that type is not included in the record for either party. Although the court referenced defendant's total counsel fees as being $6,120, the court had no support for that amount beyond the reference thereto in defendant's proposed findings of fact.  "[B]ecause [defendant] did not submit documentation identifying the services rendered by her attorney or the fees incurred, the court was precluded from awarding attorney's fees to her" (*Weinheimer v Weinheimer*, 100 AD3d 1565, 1566; *see Rizzo v Rizzo*, 120 AD3d 1400, 1405; *Cervone v Cervone*, 74 AD3d 1268, 1269).  We therefore further modify the judgment by vacating the award of counsel fees.

Entered:  March 25, 2016                    Frances E. Cafarell
                                            Clerk of the Court