*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   April 14, 2016                521679
_____

MAUREEN D. TEANEY,
                    Appellant,

        v                                  MEMORANDUM AND ORDER

KEVIN S. TEANEY,
                    Respondent.
_____

Calendar Date:   February 17, 2016

Before:   McCarthy, J.P., Egan Jr., Rose and Lynch, JJ.

                    _____

        Ackerman, Wachs & DeArmas, PC, Albany (F. Stanton Ackerman
of counsel), for appellant.

        Cordell & Cordell, PC, Albany (J. Rochelle Cavanagh of
counsel), for respondent.

                    _____

Egan Jr., J.

        Appeal from that part of a judgment of the Supreme Court
(McDonough, J.), entered December 31, 2014 in Albany County,
which denied plaintiff's application for counsel fees.

        Plaintiff (hereinafter the wife) and defendant (hereinafter
the husband) were married in 1994 and have two teenage children.
The wife commenced this action for divorce by service of a
summons with notice in June 2013 and, in conjunction therewith,
twice sought a pendente lite award of counsel fees.  In March
2014, Supreme Court (Teresi, J.) denied the wife's first
application, finding, among other things, that the wife failed to
demonstrate that she required an interim award of counsel fees in
order to litigate this matter "on an equal footing" with the
husband.  Three months later, Supreme Court denied the wife's

second application for an award of counsel fees, which was limited to the fees incurred in bringing a motion to compel certain discovery, due to the wife's failure to supply the court with, among other things, a current statement of net worth.

Following Justice Teresi's retirement, the matter was transferred to Justice O'Connor and, in June 2014, the wife and the husband appeared before Justice O'Connor and entered into a stipulation resolving custody of their children. The matter was transferred again in anticipation of trial and, in July 2014, the parties appeared before Justice McDonough and entered into a stipulation resolving the remainder of their marital issues – with each party reserving the right to submit an application for counsel fees. During the course of a colloquy with counsel, Justice McDonough expressed the belief that Justice Teresi's prior orders denying the wife's applications for interim counsel fees constituted law of the case and, as such, the wife's impending submission should be limited to fees incurred after the date of Justice Teresi's June 2014 order.

The wife thereafter submitted her application – seeking approximately $17,000 in counsel fees, including fees incurred prior to June 2014 – and the husband cross-moved for similar relief – seeking approximately $1,800 in counsel fees incurred in connection with opposing the wife's application. Supreme Court (McDonough, J.), upon giving due consideration to the parties' respective financial resources and taking into account other pertinent factors, denied both applications, finding that the particular circumstances of this matter did not warrant an award of counsel fees to either the wife or the husband. The wife now appeals, and the husband – contending that such appeal is frivolous – seeks counsel fees and sanctions pursuant to 22 NYCRR 130-1.1.

In an action for divorce, "the court may direct either spouse . . . to pay counsel fees . . . directly to the attorney of the other spouse to enable the other party to carry on or defend the action or proceeding as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties" (Domestic Relations Law § 237 [a]; see Vertucci v Vertucci, 103 AD3d 999, 1004 [2013]; O'Connor v

O'Connor, 91 AD3d 1107, 1109 [2012]).  When exercising its discretionary powers in this regard, "a court should review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions" (DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881 [1987]; accord Lang v Lang, 72 AD3d 1255, 1256 [2010]), as well as "the complexity of the case and the extent of legal services rendered" (Armstrong v Armstrong, 72 AD3d 1409, 1416 [2010]).  Where, as here, the matrimonial action was commenced on or after October 12, 2010 (see L 2010, ch 329, § 1), there is a "rebuttable presumption that counsel fees shall be awarded to the less monied spouse" (Domestic Relations Law § 237 [a]; accord Vantine v Vantine, 125 AD3d 1259, 1262 [2015]; see Gifford v Gifford, 132 AD3d 1123, 1126 [2015]).

Preliminarily, pendente lite orders – by their very nature – afford only interim or temporary relief.  Indeed, "[t]he purpose of an award of pendente lite relief is to tide over the more needy party, not to determine the correct ultimate distribution" or award (Jordan v Jordan, 2 AD3d 687, 688 [2003] [internal quotation marks and citations omitted]).  For that reason, pendente lite awards necessarily represent a snapshot of a party's financial circumstances and corresponding need at a particular point in time, and such circumstances/need may well change as the litigation progresses.  Hence, the mere fact that a party's request for interim counsel fees was denied at the outset of the litigation does not preclude a court from making such an award at the conclusion thereof – after taking into consideration, among other things, the counsel fees incurred, the length and complexity of the case and how the parties ultimately fared after issues of equitable distribution and child support were finally resolved.  In this regard, Domestic Relations Law § 237 (a) expressly contemplates that multiple applications for counsel fees may be made by a party, noting that "[a]pplications for the award of fees and expenses may be made at any time or times prior to final judgment."  Although each application necessarily must be assessed upon its own merits, giving due consideration to all of the relevant factors and circumstances, the denial of a party's request for interim relief simply does not limit or preclude a party's subsequent request for counsel fees at the conclusion of the litigation.

That said, upon reviewing the parties' respective submissions, we cannot say that Supreme Court abused its considerable discretion in denying the wife's most recent application for counsel fees. As the wife candidly acknowledged in her affidavit in support of such request, "there is no great income disparity" between the parties. Additionally, the custody and matrimonial issues were resolved by stipulation within approximately one year of the commencement of this action, and nothing on the face of the record suggests that this matter presented particularly complex legal issues. Further, given the relatively expeditious progression of the litigation, we do not find that the husband was obstructionist or otherwise unnecessarily prolonged the resolution of this matter. Accordingly, we have no quarrel with Supreme Court's denial of the wife's application on the merits.

The wife's argument regarding comments made by the court during the parties' July 2014 appearance, wherein Justice McDonough characterized Justice Teresi's prior orders denying the wife's applications for interim counsel fees as law of the case and indicated that the wife's subsequent application should be limited to fees incurred after the date of Justice Teresi's latest order (June 18, 2014), does not merit extensive discussion. Such commentary, while constituting a slight misstatement of the law, is not appealable, and nothing on the face of Supreme Court's written order reflects that the court actually employed the restrictive analysis of which the wife now complains. The parties' remaining arguments, including the husband's request for sanctions and counsel fees under 22 NYCRR 130-1.1, have been examined and found to be lacking in merit.

McCarthy, J.P., Rose and Lynch, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court