*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   June 2, 2016                    521057
_____

JENNIFER L. ROMA,
                    Respondent-
                    Appellant,
          v                                   MEMORANDUM AND ORDER

RENATO ROMA,
                    Appellant-
                    Respondent.
_____


Calendar Date:   April 27, 2016

Before:   Peters, P.J., Lahtinen, Garry, Clark and Mulvey, JJ.

                         _____


        Levene Gouldin & Thompson, LLP, Vestal (Philip C. Johnson
of counsel), for appellant-respondent.

        Robert C. Kilmer, Binghamton, for respondent-appellant.

        Allen E. Stone Jr., Vestal, attorney for the child.

                         _____


Lahtinen, J.

        Cross appeal from an amended judgment of the Supreme Court
(Pines, J.), entered July 21, 2014 in Broome County, ordering,
among other things, equitable distribution of the parties'
marital property, upon a decision of the court.

        Plaintiff (hereinafter the wife) and defendant (hereinafter
the husband) married in 1991 and have two children (born in 1994
and 2000).  The wife commenced this action in January 2013 and,
after the parties stipulated to a ground for divorce, a nonjury
trial ensued.  The trial evidence revealed that, during most of
their marriage, the wife was the primary wage earner, and her

gross income as a program manager in 2012 was $105,437, whereas the husband earned $35,382 that year in the seasonal landscaping business that he has operated for many years. Supreme Court rendered a written decision in which, among other things, it: granted the parties joint legal custody with the wife having primary physical custody of the child still living at home; distributed the marital property – including the value of the marital residence, the wife's defined pension plan, her 401K account and each party's individual retirement accounts (hereinafter IRAs); directed the wife to pay maintenance in the amount of $866 per month for two years; ordered the husband to pay weekly child support of $225 plus 35% of unreimbursed medical costs; and denied the husband's request for counsel fees. An amended judgment was thereafter entered. The husband appeals and the wife cross-appeals.

Both parties contest aspects of the equitable distribution award. "It is well established that equitable distribution of marital property does not necessarily mean equal, and Supreme Court has substantial discretion in fashioning an award of equitable distribution" (Lurie v Lurie, 94 AD3d 1376, 1378 [2012] [citation omitted]; see Musacchio v Musacchio, 107 AD3d 1326, 1330 [2013]; Vertucci v Vertucci, 103 AD3d 999, 1001 [2013]). The marital residence had a fair market value of $215,000 with a net equity of $131,000. Each party sought primary custody of the minor child and also the right to remain in the marital residence with the child (see Albertalli v Albertalli, 124 AD3d 941, 943 [2015]). The wife prevailed on these issues and, accordingly, Supreme Court included among the options for compensating the husband for his equity share of the marital residence that the wife pay him his equity share of $65,000 when the youngest child turns 18 in mid-2018.[1] The husband contends that he should receive interest (at the statutory rate) on the deferred payment. The wife complains that the husband should have an offset for a $15,000 to $20,000 portion of a loan, which is solely in her name. Inasmuch as these amounts, although not exact, nonetheless

---

[1] The husband assumes that the wife will use this option because she was allowed to choose from three options and this one was the most financially advantageous to her.

substantially offset, we find no abuse of discretion in Supreme Court's resolution of these issues.

The decision to divide equally the wife's 401K and IRA and the husband's smaller IRA was within Supreme Court's discretion in light of, among other things, the length of the marriage and proof that these assets were earned during the marriage (see e.g. Soles v Soles, 41 AD3d 904, 907 [2007]; Harrington v Harrington, 300 AD2d 861, 864 [2002]). Both parties agree that, with respect to the wife's defined pension plan at her current employer, Lockheed Martin, Supreme Court failed to determine each party's proportionate share. It is insufficient to simply state, as Supreme Court did, that the husband is entitled to share in the plan pursuant to the Majauskas formula (see Quarty v Quarty, 96 AD3d 1274, 1281 [2012]; Parks v Parks, 159 AD2d 841, 842 [1990]). The court must determine the husband's equitable share of the future pension payments, which is then applied to the portion of those payments that are calculated to be marital property (see Chambers v Chambers, 259 AD2d 807, 807-808 [1999]; Church v Church, 169 AD2d 851, 851-852 [1991]; see generally David J. Lansner & Judith M. Reichler, New York Civil Practice: Matrimonial Actions § 45.07 [3] [a]). We deem it appropriate under the circumstances to remit to Supreme Court to make the necessary determinations regarding the wife's defined pension with Lockheed Martin.

Next, we address the award of durational maintenance to the husband, which the husband contends was inadequate and the wife asserts was excessive. "[T]he amount and duration of maintenance awarded is a matter committed to the discretion of the trial court, after due consideration of the statutory factors and the parties' standard of living during the marriage" (Halse v Halse, 93 AD3d 1003, 1005 [2012]). Both parties were in good health. The wife had a steady job and substantially more income than the husband. They had been married over 21 years and had a relatively comfortable lifestyle. Supreme Court discussed the seasonal nature of the husband's income from his business, his looming personal and business relocation costs and his need for sufficient time to either expand his business or seek other sources of income to supplement his seasonal income. We are unpersuaded that the award to the husband of $866 per month for

two years was an abuse of discretion.

The child support obligation must be reversed.  Supreme Court "failed to explain its application of the 'precisely articulated, three-step method for determining child support' pursuant to the Child Support Standards Act . . . [and] [i]t is impossible to determine from the decision the manner in which the court calculated [the husband's] child support obligation or the parties' pro rata shares of both the basic child support obligation and the future reasonable health care expenses of the child[ren] not covered by insurance" (Hartnett v Hartnett, 281 AD2d 900, 901 [2001], quoting Matter of Cassano v Cassano, 85 NY2d 649, 652 [1995] [internal citation omitted]).  The court set forth an "adjusted gross income" of $133,720.05, but no explanation is offered as to how the court arrived at this number, it is not clear from the various amounts in the record whether this amount complies with "income" for support purposes as defined by the statute (see Domestic Relations Law § 240 [1-b] [b] [5]) and neither party set forth a calculation arriving at such number.  The pro rata share of 65% to the wife and 35% to the husband is also unexplained and appears to be based on imputing income to the husband, but the court made no mention of imputing income in its decision.  The matter must be remitted for clarification and recalculated; however, the current child support (including the percentage for unreimbursed medical costs) shall remain in effect pending recalculation.[2]

Supreme Court's denial of the husband's request for counsel fees is reversed.  The court failed to consider the rebuttal presumption statutorily bestowed upon the less monied spouse (see Domestic Relations Law § 237 [a]), and it is not otherwise clear from the record whether the presumption was rebutted (cf. Gifford v Gifford, 132 AD3d 1123, 1126 [2015]).  Upon remittal, the court should address whether the presumption is overcome and, if not, determine an appropriate award of counsel fees.

_____

[2]  We note that circumstances have changed that may be relevant, including the current age of the oldest child (see Domestic Relations Law § 240 [1-b] [b] [2]).

The remaining arguments are academic or unavailing.

Peters, P.J., Garry, Clark and Mulvey, JJ., concur.

ORDERED that the amended judgment is modified, on the law, without costs, by reversing so much thereof as (1) established defendant's rights regarding plaintiff's defined pension plan through Lockheed Martin, (2) awarded child support and (3) denied defendant's request for counsel fees; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court