## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:   December 15, 2016                   522706
_____

AMY L. MACALUSO,
                        Appellant,

         v                                    MEMORANDUM AND ORDER

CHRISTOPHER R. MACALUSO,
                        Respondent.
_____


Calendar Date:   October 11, 2016

Before:   Peters, P.J., Lynch, Devine, Clark and Aarons, JJ.

                        _____


        Donnellan & Knussman, PLLC, Ballston Spa (Katherine L.
Mastaitis of counsel), for appellant.

        LaClair & DeLuca, PLLC, Albany (Lauren K. DeLuca of
counsel), for respondent.

        Gerard V. Amedio, Saratoga Springs, attorney for the
children.

                        _____


Devine, J.

        Appeal from a judgment of the Supreme Court (Jensen, J.),
entered June 2, 2015 in Saratoga County, granting, among other
things, plaintiff a divorce, upon a decision of the court.

        Plaintiff (hereinafter the wife) and defendant (hereinafter
the husband) were married in 2004 and have two children (born in
2007 and 2010).  The parties separated in 2010 and, following
four years during which the husband provided all financial
support for the wife, the wife commenced this action for divorce
in 2014.  Supreme Court ordered the husband to pay the wife
$2,455 in temporary maintenance and $795 in child support every

two weeks, as well as $5,000 in interim counsel fees. The parties thereafter entered into a stipulation that, among other things, divided all marital assets to their satisfaction and entrusted primary physical placement of the children to the wife. Following a bench trial, Supreme Court directed the husband to pay the wife $1,500 in maintenance every two weeks through December 31, 2015 and declined to award the wife counsel fees. Supreme Court further ordered the husband to pay child support of $1,333 every two weeks until his maintenance obligation ended, at which point his support obligation would increase to $1,646 every two weeks. The wife now appeals.

We affirm. The wife and the attorney for the child raise various challenges to the award of child support, including that Supreme Court should have imputed income to the husband in calculating his child support obligation. "[C]ourts possess considerable discretion to impute income in fashioning a child support award and . . . are not constrained by the financial accounts given by the parties or their experts," even in the absence of an explicit request to impute income (Moffre v Moffre, 29 AD3d 1149, 1150 [2006] [internal citations omitted]; accord Matter of McKenna v McKenna, 137 AD3d 1464, 1465-1466 [2016]; see e.g. Kelly v Kelly, 140 AD3d 1436, 1438 [2016]). As is relevant here, "a court may impute income to a parent based on that party's failure to seek more lucrative employment that is consistent with his or her education, skills and experience" (Matter of Curley v Klausen, 110 AD3d 1156, 1158-1159 [2013]; see Matter of D'Andrea v Prevost, 128 AD3d 1166, 1167 [2015]).

The husband had recently resigned as an emergency physician at a Vermont hospital at the time of trial, a position that was budgeted as .8 full-time equivalent, in anticipation of accepting a salaried position as an emergency physician in Schenectady County. The wife and the attorney for the child point to the husband's technical status as a part-time physician, arguing that he was and is capable of earning more in a formal full-time position. The husband testified, however, that his previous job was full time in all but name and that it afforded him health insurance and other fringe benefits. His income for the work did represent a modest decline from what he had earned from his prior employment in Philadelphia, but the husband attributed that

decline to the lower cost of living in Vermont.  The husband
further testified that his future salaried employment in
Schenectady County would result in an income similar to what he
earned in Vermont.  Supreme Court implicitly found the husband's
account of his employment history to be credible and, as a
result, we perceive no abuse of discretion in it declining to
impute income to him (see Smith v Smith, 116 AD3d 1139, 1140
[2014]; Matter of Disidoro v Disidoro, 81 AD3d 1228, 1230 [2011],
lv denied 17 NY3d 705 [2011]).

Supreme Court relied upon the income figures provided by
the husband to find that his net income was $156,215 and, after
imputing $50,000 in income to the wife and accounting for her
receipt of maintenance, found that her income was $86,000.
Despite her protestations, the imputation of income to the wife
was justified given her impressive educational background,
earning capacity and her undisputed failure to seek employment
(see Branche v Holloway, 124 AD3d 553, 554 [2015]).  The figures
resulted in a combined parental income for child support purposes
of $242,215, and, because that income exceeded the statutory cap
of $141,000, Supreme Court was required to consider the statutory
factors and determine whether some or all of the excess income
should be used for child support purposes (see Domestic Relations
Law § 240 [1-b] [c], [f]).  Supreme Court undertook the
appropriate analysis and, suffice it to say, we perceive no abuse
of discretion in its application of the statutory child support
percentage to the first $200,000 of combined parental income (see
Ruparelia v Ruparelia, 136 AD3d 1266, 1269-1270 [2016]; Matter of
Marcklinger v Liebert, 88 AD3d 1114, 1115-1116 [2011]).

The wife next argues that the award of spousal maintenance
was inadequate but, because Supreme Court reviewed the statutory
factors, the award will not be disturbed absent an abuse of
discretion (see Domestic Relations Law § 236 [B] [former (6)];
Kelly v Kelly, 140 AD3d at 1437).  The parties were in their
thirties at the time of trial and were both in good health.  They
married in 2004, and the husband continued to support the wife
after they physically separated in 2010.  The wife did not work
outside the home in order to care for the children, but, even
though both children were attending school or preschool at the
time of trial, she had yet to make any effort to secure

employment.  There is accordingly a significant income difference between the parties, but, given that the wife holds a doctorate in biology, a vocational expert testified that she could secure local employment with an annual salary of $50,000 and could earn up to $180,000 a year with additional work experience.  The income gap between the parties could be corrected in short order under these circumstances and, as such, we perceive no abuse of discretion in the durational maintenance awarded by Supreme Court (see Robinson v Robinson, 133 AD3d 1185, 1186-1187 [2015]; Vantine v Vantine, 125 AD3d 1259, 1261-1262 [2015]).

As a final matter, the wife argues that Supreme Court abused its discretion in denying her request for $20,000 in counsel fees.  There is no doubt that, because this action was "commenced on or after October 12, 2010, there is a [statutory] 'rebuttable presumption that counsel fees shall be awarded to the less monied spouse'" (Teaney v Teaney, 138 AD3d 1301, 1303 [2016], quoting Domestic Relations Law § 237 [a] [internal citation omitted]; see Roma v Roma, 140 AD3d 1242, 1245 [2016]).  Supreme Court did not explicitly hold that the presumption had been rebutted but, to the extent any ambiguity exists as to the court's view of the matter, judicial economy demands that we "'exercise our authority to make the necessary findings' based upon the full record before us" (Dewitt v Sheiness, 42 AD3d 776, 778 [2007], quoting Altomer v Altomer, 300 AD2d 927, 927 [2002]).  "[T]he equitable distribution, maintenance and substantial interim award of fees" – including temporary support payments that allowed the wife to amass several thousand dollars in savings, durational maintenance giving her time to obtain a job commensurate with her impressive qualifications and a $5,000 interim award applied toward approximately $20,000 in legal bills that are only related to the divorce in part – rebutted the presumption (Gifford v Gifford, 132 AD3d 1123, 1126 [2015]).

Moreover, after considering "the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions, as well as the complexity of the case and the extent of legal services rendered," we are unpersuaded that the wife demonstrated the need for a further award of counsel fees (Teaney v Teaney, 138 AD3d at 1303 [internal quotation marks and

citations omitted]; see Johnson v Chapin, 12 NY3d 461, 467 [2009]).  This case proceeded to trial less than a year after it was commenced, by which time the parties had amicably resolved issues of child custody and equitable distribution.  The remaining issues were not complex, and there is no hint that the husband obstructed their resolution.  Supreme Court also pointed out that the wife did not provide required affidavits or otherwise detail the degree to which the legal expenses incurred by her were attributable to the divorce (see Domestic Relations Law § 237 [a]; Stuart v Stuart, 137 AD3d 1640, 1641 [2016]; Cervone v Cervone, 74 AD3d 1268, 1269 [2010]).  We perceive no reason to give her a second chance to correct that unexplained failure (see e.g. LaPlante v LaPlante, 126 AD3d 1188, 1189-1190 [2015]; McLane v McLane, 209 AD2d 1001, 1002 [1994], lv dismissed 85 NY2d 924 [1995]).  As a result, Supreme Court was well within its rights to deny the wife's application on the merits (see Teaney v Teaney, 138 AD3d at 1304).

Peters, P.J., and Aarons, J., concur.


Lynch, J. (concurring in part and dissenting in part).

We concur in the majority decision, except with respect to the issue of counsel fees.  There is no dispute that the status of plaintiff (hereinafter the wife) as the less monied spouse gives rise to a rebuttable presumption that she is entitled to counsel fees (see Domestic Relations Law § 237 [a]; Vantine v Vantine, 125 AD3d 1259, 1262 [2015]).  At the commencement of the trial on October 14, 2014, the parties stipulated to issues regarding the ground for the divorce, custody and equitable distribution, leaving the wife's request for child support, maintenance and counsel fees to be resolved at trial.  Notably, defendant (hereinafter the husband) declined to have counsel fees resolved on submission.  The wife briefly testified as to the counsel fees incurred; her retainer agreements with counsel, as well as counsel's invoices for services provided, were received

into evidence, subject to redaction.[1]  After noting that the wife's proof was limited to her "testimony and the billing statements," Supreme Court observed that "[n]o additional proof was offered in connection with the [wife's] request for attorney fees as required under [Domestic Relations Law] § 237" and summarily denied the request.  In our view, the court erred in failing to address whether the presumption in favor of the wife had been rebutted, and, if not, making an appropriate award of counsel fees.

Under Domestic Relations Law § 237, a fee application may be made at any time or times prior to final judgment.  Generally, when an application is made, "[b]oth parties to the action . . . and their respective attorneys[] shall file an affidavit with the court detailing the financial agreement between the party and the attorney" (Domestic Relations Law § 237 [a]).  While this record does not include the required affidavits, we do have the wife's testimony, the retainer agreements and the invoices in evidence.[2]  These documents define the actual services provided, the rate charged and the payments made through September 30, 2014 totaling more than $23,000 (cf. Stuart v Stuart, 137 AD3d 1640, 1641 [2016] [applicant failed to submit documentation as to services

---

[1]  Notably, the wife signed three separate retainer agreements with counsel.  The first, dated June 11, 2013, referenced a "Separation Agreement"; the second, dated November 11, 2013, referenced Family Court; and the third, dated March 4, 2014, referenced this divorce action.  In admitting these exhibits, Supreme Court expressly declined to award counsel fees for services rendered in Family Court, and instructed the wife's counsel to submit redacted invoices.  On the second day of trial, the redacted invoices were discussed without resolution and the court directed the parties to state any concerns in their posttrial submissions.  Neither these submissions nor the redacted invoices are in the record.  The record includes only the invoices from June 2013 through September 2014.

[2]  The record confirms that the wife received an interim award of counsel fees in the amount of $5,000, but does not include the underlying submissions.

provided and fees incurred]; LaPlante v LaPlante, 126 AD3d 1188, 1189-1190 [2015] [action commenced prior to amendment of Domestic Relations Law § 237 (a) adding rebuttal presumption; no evidence presented at trial on issue of counsel fees]; Cervone v Cervone, 74 AD3d 1268, 1269 [2010] [parties' attorney failed to identify services rendered]).  In this context, where the court was fully apprised of the issues tried and counsel's participation, the court was in a position to decide the fee issue on the merits. Not to be overlooked with respect to the rebuttable presumption is the fact that there was only a minimal equitable distribution of marital assets, a modest interim fee and only short term maintenance awarded (cf. Gifford v Gifford, 132 AD3d 1123, 1126 [2015] [wife's application for counsel fees denied where she received a lump sum distributive award of $210,000, nondurational maintenance and substantial interim counsel fees]).  As for her accumulated savings, the wife testified that she set these funds aside for income taxes based on the maintenance received.  It is also significant that the parties agreed that the wife would assume primary care of their two children when they separated in 2010.  Consequently, there was a significant income disparity between the parties (cf. Teaney v Teaney, 138 AD3d 1301, 1303-1304 [2016]).  In our view, the judgment should be modified to the extent of remitting the issue of counsel fees to Supreme Court for a determination on the merits (see Roma v Roma, 140 AD3d 1242, 1245 [2016]).

Clark, J., concurs.

ORDERED that the judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court