Devine, J.
Appeal from a judgment of the Supreme Court (Jensen, J.), entered June 2, 2015 in Saratoga County, granting, among other things, plaintiff a divorce, upon a decision of the court.
Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in 2004 and have two children (born in 2007 and 2010). The parties separated in 2010 and, following four years during which the husband provided all financial support for the wife, the wife commenced this action for divorce in 2014. Supreme Court ordered the husband to pay the wife $2,455 in temporary maintenance and $795 in child support every two weeks, as well as $5,000 in interim counsel fees. The parties thereafter entered into a stipulation that, among other things, divided all marital assets to their satisfaction and entrusted primary physical placement of the children to the wife. Following a bench trial, Supreme Court directed the husband to pay the wife $1,500 in maintenance every two weeks through December 31, 2015 and declined to award the wife counsel fees. Supreme Court further ordered the husband to pay child support of $1,333 every two weeks until his maintenance obligation ended, at which point his support obligation would increase to $1,646 every two weeks. The wife now appeals.
*1296 We affirm. The wife and the attorney for the child raise various challenges to the award of child support, including that Supreme Court should have imputed income to the husband in calculating his child support obligation. “[C]ourts possess considerable discretion to impute income in fashioning a child support award and . . . are not constrained by the financial accounts given by the parties or their experts,” even in the absence of an explicit request to impute income (Moffre v Moffre, 29 AD3d 1149, 1150 [2006] [citations omitted]; accord Matter of McKenna v McKenna, 137 AD3d 1464, 1465-1466 [2016]; see e.g. Kelly v Kelly, 140 AD3d 1436, 1438 [2016]). As is relevant here, “a court may impute income to a parent based on that party’s failure to seek more lucrative employment that is consistent with his or her education, skills and experience” (Matter of Curley v Klausen, 110 AD3d 1156, 1158-1159 [2013]; see Matter of D’Andrea v Prevost, 128 AD3d 1166, 1167 [2015]).
The husband had recently resigned as an emergency physician at a Vermont hospital at the time of trial, a position that was budgeted as .8 full-time equivalent, in anticipation of accepting a salaried position as an emergency physician in Schenectady County. The wife and the attorney for the child point to the husband’s technical status as a part-time physician, arguing that he was and is capable of earning more in a formal full-time position. The husband testified, however, that his previous job was full time in all but name and that it afforded him health insurance and other fringe benefits. His income for the work did represent a modest decline from what he had earned from his prior employment in Philadelphia, but the husband attributed that decline to the lower cost of living in Vermont. The husband further testified that his future salaried employment in Schenectady County would result in an income similar to what he earned in Vermont. Supreme Court implicitly found the husband’s account of his employment history to be credible and, as a result, we perceive no abuse of discretion in it declining to impute income to him (see Smith v Smith, 116 AD3d 1139, 1140 [2014]; Matter of Disidoro v Disidoro, 81 AD3d 1228, 1230 [2011], lv denied 17 NY3d 705 [2011]).
Supreme Court relied upon the income figures provided by the husband to find that his net income was $156,215 and, after imputing $50,000 in income to the wife and accounting for her receipt of maintenance, found that her income was $86,000. Despite her protestations, the imputation of income to the wife was justified given her impressive educational background, earning capacity and her undisputed failure to *1297 seek employment (see Branche v Holloway, 124 AD3d 553, 554 [2015]). The figures resulted in a combined parental income for child support purposes of $242,215, and, because that income exceeded the statutory cap of $141,000, Supreme Court was required to consider the statutory factors and determine whether some or all of the excess income should be used for child support purposes (see Domestic Relations Law § 240 [1-b] [c], [f]). Supreme Court undertook the appropriate analysis and, suffice it to say, we perceive no abuse of discretion in its application of the statutory child support percentage to the first $200,000 of combined parental income (see Ruparelia v Ruparelia, 136 AD3d 1266, 1269-1270 [2016]; Matter of Marcklinger v Liebert, 88 AD3d 1114, 1115-1116 [2011]).
The wife next argues that the award of spousal maintenance was inadequate but, because Supreme Court reviewed the statutory factors, the award will not be disturbed absent an abuse of discretion (see Domestic Relations Law § 236 [B] [former (6)]; Kelly v Kelly, 140 AD3d at 1437). The parties were in their thirties at the time of trial and were both in good health. They married in 2004, and the husband continued to support the wife after they physically separated in 2010. The wife did not work outside the home in order to care for the children, but, even though both children were attending school or preschool at the time of trial, she had yet to make any effort to secure employment. There is accordingly a significant income difference between the parties, but, given that the wife holds a doctorate in biology, a vocational expert testified that she could secure local employment with an annual salary of $50,000 and could earn up to $180,000 a year with additional work experience. The income gap between the parties could be corrected in short order under these circumstances and, as such, we perceive no abuse of discretion in the durational maintenance awarded by Supreme Court (see Robinson v Robinson, 133 AD3d 1185, 1186-1187 [2015]; Vantine v Vantine, 125 AD3d 1259, 1261-1262 [2015]).
As a final matter, the wife argues that Supreme Court abused its discretion in denying her request for $20,000 in counsel fees. There is no doubt that, because this action was “commenced on or after October 12, 2010, there is a [statutory] ‘rebuttable presumption that counsel fees shall be awarded to the less monied spouse’ ” (Teaney v Teaney, 138 AD3d 1301, 1303 [2016], quoting Domestic Relations Law § 237 [a] [citation omitted]; see Roma v Roma, 140 AD3d 1242, 1245 [2016]). Supreme Court did not explicitly hold that the presumption had been rebutted but, to the extent any ambiguity exists as to *1298 the court’s view of the matter, judicial economy demands that we “ ‘exercise our authority to make the necessary findings’ based upon the full record before us” (Dewitt v Sheiness, 42 AD3d 776, 778 [2007], quoting Altomer v Altomer, 300 AD2d 927, 927 [2002]). “[T]he equitable distribution, maintenance and substantial interim award of fees”—including temporary support payments that allowed the wife to amass several thousand dollars in savings, durational maintenance giving her time to obtain a job commensurate with her impressive qualifications and a $5,000 interim award applied toward approximately $20,000 in legal bills that are only related to the divorce in part—rebutted the presumption (Gifford v Gifford, 132 AD3d 1123, 1126 [2015]).
Moreover, after considering “the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties’ positions, as well as the complexity of the case and the extent of legal services rendered,” we are unpersuaded that the wife demonstrated the need for a further award of counsel fees (Teaney v Teaney, 138 AD3d at 1303 [internal quotation marks and citations omitted]; see Johnson v Chapin, 12 NY3d 461, 467 [2009]). This case proceeded to trial less than a year after it was commenced, by which time the parties had amicably resolved issues of child custody and equitable distribution. The remaining issues were not complex, and there is no hint that the husband obstructed their resolution. Supreme Court also pointed out that the wife did not provide required affidavits or otherwise detail the degree to which the legal expenses incurred by her were attributable to the divorce (see Domestic Relations Law § 237 [a]; Stuart v Stuart, 137 AD3d 1640, 1641 [2016]; Cervone v Cervone, 74 AD3d 1268, 1269 [2010]). We perceive no reason to give her a second chance to correct that unexplained failure (see e.g. LaPlante v LaPlante, 126 AD3d 1188, 1189-1190 [2015]; McLane v McLane, 209 AD2d 1001, 1002 [1994], lv dismissed 85 NY2d 924 [1995]). As a result, Supreme Court was well within its rights to deny the wife’s application on the merits (see Teaney v Teaney, 138 AD3d at 1304).
Peters, P.J., and Aarons, J., concur.