Lynch, J.
(concurring in part and dissenting in part). We concur in the majority decision, except with respect to the issue of counsel fees. There is no dispute that the status of plaintiff (hereinafter the wife) as the less monied spouse gives rise to a rebuttable presumption that she is entitled to counsel fees (see Domestic Relations Law § 237 [a]; Vantine v Vantine, 125 AD3d 1259, 1262 [2015]). At the commencement of the *1299 trial on October 14, 2014, the parties stipulated to issues regarding the ground for the divorce, custody and equitable distribution, leaving the wife’s request for child support, maintenance and counsel fees to be resolved at trial. Notably, defendant (hereinafter the husband) declined to have counsel fees resolved on submission. The wife briefly testified as to the counsel fees incurred; her retainer agreements with counsel, as well as counsel’s invoices for services provided, were received into evidence, subject to redaction.[1] After noting that the wife’s proof was limited to her “testimony and the billing statements,” Supreme Court observed that “[n]o additional proof was offered in connection with the [wife’s] request for attorney fees as required under [Domestic Relations Law] § 237” and summarily denied the request. In our view, the court erred in failing to address whether the presumption in favor of the wife had been rebutted, and, if not, making an appropriate award of counsel fees.
Under Domestic Relations Law § 237, a fee application may be made at any time or times prior to final judgment. Generally, when an application is made, “[b]oth parties to the action . . . and their respective attorneys . . . shall file an affidavit with the court detailing the financial agreement between the party and the attorney” (Domestic Relations Law § 237 [a]). While this record does not include the required affidavits, we do have the wife’s testimony, the retainer agreements and the invoices in evidence.[2] These documents define the actual services provided, the rate charged and the payments made through September 30, 2014 totaling more than $23,000 (cf. Stuart v Stuart, 137 AD3d 1640, 1641 [2016] [applicant failed to submit documentation as to services provided and fees incurred]; LaPlante v LaPlante, 126 AD3d 1188, 1189-1190 [2015] [action commenced prior to amendment of Domestic Relations Law § 237 (a) adding rebuttal presumption; no *1300 evidence presented at trial on issue of counsel fees]; Cervone v Cervone, 74 AD3d 1268, 1269 [2010] [parties’ attorney failed to identify services rendered]). In this context, where the court was fully apprised of the issues tried and counsel’s participation, the court was in a position to decide the fee issue on the merits. Not to be overlooked with respect to the rebuttable presumption is the fact that there was only a minimal equitable distribution of marital assets, a modest interim fee and only short term maintenance awarded (cf. Gifford v Gifford, 132 AD3d 1123, 1126 [2015] [wife’s application for counsel fees denied where she received a lump-sum distributive award of $210,000, nondurational maintenance and substantial interim counsel fees]). As for her accumulated savings, the wife testified that she set these funds aside for income taxes based on the maintenance received. It is also significant that the parties agreed that the wife would assume primary care of their two children when they separated in 2010. Consequently, there was a significant income disparity between the parties (cf. Teaney v Teaney, 138 AD3d 1301, 1303-1304 [2016]). In our view, the judgment should be modified to the extent of remitting the issue of counsel fees to Supreme Court for a determination on the merits (see Roma v Roma, 140 AD3d 1242, 1245 [2016]).
Clark, J., concurs.
Ordered that the judgment is affirmed, without costs.

. Notably, the wife signed three separate retainer agreements with counsel. The first, dated June 11, 2013, referenced a “Separation Agreement”; the second, dated November 11, 2013, referenced Family Court; and the third, dated March 4, 2014, referenced this divorce action. In admitting these exhibits, Supreme Court expressly declined to award counsel fees for services rendered in Family Court, and instructed the wife’s counsel to submit redacted invoices. On the second day of trial, the redacted invoices were discussed without resolution and the court directed the parties to state any concerns in their posttrial submissions. Neither these submissions nor the redacted invoices are in the record. The record includes only the invoices from June 2013 through September 2014.

. The record confirms that the wife received an interim award of counsel fees in the amount of $5,000, but does not include the underlying submissions.